## ISAAC STEVENS v. IRWIN, SHERIFF.

A subscribing witness to a written instrument, if within the jurisdiction of the Court, must be produced, or some sufficient reason given for his absence.

Within the jurisdiction of the Court, is meant, within the State.

A power of attorney, not affecting real estate, is not required to be recorded, and the fact of such instrument being acknowledged and recorded, does not authorize it to be read in evidence without proof of its execution.

A witness who is called to impeach another, may answer that he would not believe such other witness on oath. This has been the uniform practice in this State, and no injury has resulted from such practice.

APPEAL from the Fourteenth District, County of Sierra.

This was an action of replevin to recover certain personal property, taken by the defendant, as Sheriff, under a process against B. C. Stevens.

The plaintiff had judgment in the Court below, and defendant moved for a new trial, which was denied, and he appealed to this Court.

The facts sufficiently appear in the opinion of the Court.

*Vancleif & Stewart* for Appellant.

1st. The Court erred in admitting the testimony of ———— as to the handwriting of Cooke, a subscribing witness to the power of attorney.

2d. The Court erred in permitting the question to be asked the witness McCummings, whether he would believe James Morgan under oath.

3d. The Court erred in overruling defendant's motion for a new trial.

Counsel discussed the facts at considerable length, and referred to the following authorities in support of the second assignment of error: 1 Greenleaf's Evidence, sec. 461 ; Phillips v. Kingfield, 1 Appleton, 375.

*R. H. Taylor* for Respondent.

1st. The first point made by appellant, is not well taken. Conceding that the Court erred in admitting the testimony of Musser, the

defendant was not prejudiced thereby.   The power of attorney could have been admitted in evidence without proof of the handwriting of the subscribing witness.   Wood's Digest, page 103, sec. 29.

2d. It was no error to permit the impeaching witness to testify whether he would believe the witness Morgan on oath.   Johnson v. The People, 3 Hill, 178 ; People v. Rector, 19 Wendell, 579 ; State v. Boswell, 2 Dev. 209 and '10 : 2 Ib. 522 ; Fulton Bank v. Benedict, 1 Hall N. Y. S. C. R. 558 ;   Chess v. Chess, 1 Penn. R. 32 ; 2 Phil. Ev. 432 ;   Cowen & Hill Notes to Phil. Ev., part 2, pp. 754 to 758.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This was an action of replevin against the Sheriff for certain chattels.   The question before the jury was one of fraud, the defendant setting up that the goods were in possession of one B. C. Stevens, a brother of plaintiff, against whom the defendant, as Sheriff, had process ; the plaintiff asserting that the goods were his, and that B. C. Stevens was only his agent, managing and controlling his business, and without interest or ownership in the property.   The business seems to have been conducted in the name of the plaintiff, who was shown to have been absent from, if not residing out of, the State.   The case appears to have been closely contested on the proofs, which, as usual in such cases, were conflicting, circumstantial and numerous.   The apparent possession having been shown in the defendant in the process, it became important for plaintiff clearly to explain and account for this circumstance.   This he sought to do by showing the agency of B. C. Stevens for him ; and as the best and most satisfactory proof of this fact, offered a power of attorney from the plaintiff to B. C. Stevens, giving him power consistent with his acts of management and control of the property and business, the subject of inquiry.   The plaintiff offered to prove this power, which was attested by one Cook, of San Francisco, as subscribing witness, by proving by a gentleman present at the trial the signatures to the paper.   Against the objection of defendants, this mode of proof was allowed by the Court ; and this ruling is assigned for error.

The Court erred in admitting the evidence. The subscribing witness was within the jurisdiction of the Court, by which is meant, within the State. The subscribing witness must, in such cases, be called, or some sufficient reasons given for this omission. Jackson v. Root, 18 Johns. 611.

The fact that the power was acknowledged before a Notary or a Justice of the Peace, and recorded, makes no difference; for this power is not a recordable instrument within the Registry Acts; it does not affect the title of real estate, even if that would be sufficient to admit it to be read without further proof, when introduced for the purpose of affecting other property than the realty.

It is also assigned for error, that the Court should not have permitted a witness who testified to the bad reputation of another witness whom he was called to impeach, to answer that he would not believe the other on oath. It is true, Mr. Greenleaf on Evidence, (sec. 461) questions the propriety of this course, but Phillips, Starkie, and other approved writers, and many adjudged cases, hold it to be proper; and the practice in this State has been uniform, we believe, the same way. We see no injury in the practical working of the rule; it may sometimes be necessary to define more clearly the sense the witness entertains of the standing and reputation for truth of the impeached witness; and we do not think it advisable, from any mere question of the soundness of an old established rule, to create confusion in the practice. The error already noticed is decisive of the case here.

Judgment reversed and cause remanded.