[No. 10,719.—In Bank.]
July 24, 1882.

THE PEOPLE v. JIM ALECK, ALIAS JIM FARLEY.

PLEA OF NOT GUILTY—LOCUS DELICTI.—The plea of not guilty puts in issue all the material averments in the indictment, including that of the *locus delicti*.

EVIDENCE—CONSPIRACY—DECLARATIONS OF CONFEDERATE.—It is a clear violation of the rules of evidence to admit against the accused the confession of a confederate made after the act was fully accomplished.

APPEAL from a judgment of conviction in the Superior Court of Amador County.    MOORE, J.

*C. B. Armstrong & D. B. Spagnoli*, for Appellant.

*A. L. Hart*, Attorney-General, for Respondent.

MORRISON, C. J.:

The judgment in this case will have to be reversed, as there

is no evidence in the transcript showing that the crime was committed in the county of Amador. Whether this omission was simply the result of carelessness in preparing the bill of exceptions, or a failure on the part of the prosecution to prove on the trial where the crime was committed, is immaterial; in either case the record which purports to contain all the evidence shows a defect in the proof which is fatal to the judgment. "The plea of not guilty puts in issue, all the material averments in the indictment, including that of the *locus delicti.* * * * In the trial of a criminal cause, it is so well understood in practice that it is incumbent on the prosecution to prove the *locus delicti,* as laid in the indictment, that we can but express our surprise that, through inadvertence or otherwise, this plain requirement is so often neglected by the District Attorney, thereby retarding the administration of justice, and imposing upon the county the expense of another trial, and upon the courts a great additional labor." (*The People* v. *Bevans,* 52 Cal. 470. See note to opinion.)

2. But there are other points in the case which it is proper for us to notice. The Court erred in admitting in evidence the confession of Sam Dodge. It is true that he was jointly indicted with the defendant Jim Aleck, and the evidence in the case shows that he was present, aiding in the commission of the homicide; but it was a clear violation of the rules of evidence to admit on the trial of a confederate his confession, made *after the act* was fully accomplished. Speaking of the acts and declarations of confederates it is said: "Care must be taken that the acts and declarations thus admitted, be those only which were made and done during the pendency of the criminal enterprise, and in furtherance of its objects. If they took place at a subsequent period, and are, therefore, merely narrative of past occurrences, they are, as we have just seen, to be rejected." (1 Greenl. Ev., Sec. 111.) The rule is clearly stated by another high authority as follows: "And it should be observed in reference to this evidence, that the declarations and confessions of one of the conspirators, made after the offense has been fully committed, and the transaction is fully over, can not be given in evidence against another conspirator; because, the object of the combination being ac-

complished, such declarations and confessions are not anywise in execution of the original common design." (2 Bish. Cr. Pro., Sec. 191.) The Supreme Court of this State in the case of the *People* v. *English*, 52 Cal. 212, said : " The declarations of Turner (who was indicted with English), *made after the alleged offense was fully consummated*, were not admissible against English." These and other authorities to which reference might be made, if necessary, demonstrate that the declarations made by Sam Dodge several days after the homicide, were not admissible in evidence against Jim Aleck.

3. There is another point in the case which will be noticed by us, and that relates to the evidence of H. Goldner. This witness stated that Sam Dodge was examined before him as a committing magistrate, and that upon such examination Sam Dodge made a statement that was reduced by him (the witness) to writing. The witness was then asked to relate what Sam Dodge stated on that occasion. Objection was made to the evidence, the objection was overruled, and the witness was allowed by the Court to give such statement in evidence to the jury. The ruling of the Court on this point was clearly erroneous, because the evidence was merely hearsay, and, as such, was incompetent.

The first point considered was sufficient to require a reversal of the judgment; but we have thought it proper to consider the other questions, to advise the Court below in further proceedings which may be had in the case.

Judgment and order reversed and cause remanded for a new trial.

MYRICK, SHARPSTEIN, McKINSTRY, ROSS, and THORNTON, JJ., concurred.

The COURT:

Note.—In the transcript in this case it did not appear that on the trial the venue was proven, and this was one of the grounds for reversal. We took occasion to criticise the fact, as an omission either to prove the venue or to have the fact of proof inserted in the bill of exceptions. Since the decision of the case by us, we have inspected the original bill as settled, and have placed on file a certified copy, from which it

appears that the venue was proven; and it appears that the omission arose from mistake in making and certifying the transcript.

We make this statement in justice to the District Attorney of Amador County, and to relieve him from the implied imputation of carelessness.