THE STATE OF KANSAS v. HIRAM M. JOHNSON *et al.*

1. DECLARATIONS *of Conspirators — When Evidence Against Others, When Not.* To make the declarations of one conspirator evidence against the others, they must be made in furtherance of the common criminal design. When the conspiracy has ended, or the crime involving conspiracy has been consummated, the admission of one, in the absence of the other conspirators, that he and others participated in the crime is a mere narrative of a past occurrence, and can affect only the one who makes it.

2. WITNESS — *Impeachment — Reputation — Competent Question.* It is competent to ask an impeaching witness who has testified that the general reputation of another witness for truth and veracity in the vicinity in which he lives is bad, whether from that general reputation he would give him full credit upon his oath in a court of justice.

3. ALIBI — *Proper Instruction — When Rightly Refused.* Where there is testimony tending to sustain the defense of an *alibi*, interposed by one of the defendants, it is proper for the court to instruct the jury as to the law of such defense; but where the defendant is prosecuted with others upon the theory that all conspired together to commit the crime, and there is testimony supporting it, a direction to the jury that if they found that one of the defendants was not actually present when the crime was committed they should acquit him, was properly refused.

*Appeal from Dickinson District Court.*

INFORMATION for burglary and grand larceny. From a conviction and sentence at the May term, 1888, the defendants *Hiram M. Johnson, Isaiah Johnson, Martin Thomas,* and *Henry Kreinhop,* appeal. The facts sufficiently appear in the opinion.

*J. G. Mohler,* and *C. S. Crawford,* for appellants.

*S. B. Bradford,* attorney general, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: This is an appeal from a conviction for burglary and grand larceny. The information charged that the defendants feloniously broke into a granary in Dickinson county, on the night of April 19, 1888, with intent to steal,

and did steal one hundred bushels of oats of the value of $40, the property of Elmer Clemens. The defendants were jointly tried, and testimony was offered by the state tending to show that an organization for the purpose of theft, composed of these defendants and others, had existed for some time, and that the burglary and larceny in question was committed in pursuance of their plan and in carrying out the general purposes of their organization. The main objection made by the defendants to the judgment of conviction is based on the admission of illegal testimony. The principal witness was J. W. Shafer, a member of the combination, who was permitted to testify to admissions and declarations said to have been made by the several defendants and other alleged conspirators that they had participated in the crime charged, and in other thefts committed before that time. The witness claimed not to have been connected with the offense charged, and knew nothing of the same except as he had learned it from the statements of the defendants. He stated that he had a conversation with defendant Thomas soon after the oats were stolen, in which Thomas admitted that he, Kreinhop and one Jacobs, committed the crime. He claimed also to have had conversations with Kreinhop and Johnson on the same day, and the statement of each detailing his connection with the crime was testified to by the witness. The admissions and declarations so admitted were made by each defendant in the absence of the others, and were allowed to go to the jury over the objections of the defendants not making the admissions as though they were applicable to all. These admissions were competent testimony against the defendant making them, but certainly they were not against the others. While the existence of a conspiracy to commit a crime may be shown by the confessions of the several individuals engaged in it, it is well settled that one person cannot be convicted of a conspiracy by the declarations of another.

"The principle upon which the acts and declarations of other conspirators, and acts done at different times, are admitted in evidence against the persons prosecuted, is, that by

the act of conspiring together, the conspirators have jointly assumed to themselves, as a body, the attribute of individuality, so far as regards the prosecution of the common design; thus rendering whatever is said or done by any one in furtherance of that design, a part of the *res gestæ*, and therefore the act of all." (3 Greenl. Ev., § 94.)

To make the declarations of one conspirator evidence against the others, they must be made in furtherance of the common criminal design. Mere admissions or narrations of what has taken place, which have no tendency to promote the common criminal intent, are inadmissible against anyone but him who made it. When the conspiracy has ended, or the crime involving conspiracy has been consummated, the admission of one in the absence of the other conspirators that he and others participated in the crime, is a mere narrative of a past occurrence, and can affect only the one who makes it. (*The State v. Arnold*, 48 Iowa, 567; *The State v. Westfall*, 49 id. 328; *Clawson v. The State*, 14 Ohio St. 234; *Patton v. The State*, 6 id. 467; *People v. Aleck*, 61 Cal. 137; *People v. English*, 52 id. 212; *Cortez v. The State*, 24 Tex. App. 511; *Spies v. The People*, 12 N.E. Rep. 65; *Ackerman v. People*, 16 id. 847; *Ford v. The State*, 14 id. 241; *Armstead v. The State*, 2 S.W. Rep. 627; Roscoe's Crim. Ev., 417; 1 Greenl. Ev., § 111.) When we apply this rule to the case in hand, we find numerous declarations purporting to have been made by each of the defendants not in the presence of the others, which were inadmissible; in fact, many of them were made after the offense charged had been consummated. They were not made in furtherance of the common criminal design, and being mere narrations of accomplished facts they were not applicable or binding upon all the defendants. Instances where a narrative of past events may be admissible can be imagined; but the narrative itself must tend in some way to promote the general purpose of the criminal enterprise. An illustration of such a declaration is given in *Cortez v. The State*, supra, where it is said:

"A will perform the part allotted to him when B shall do a certain thing to be performed by him. B acts, does that

1. Declarations of conspirator— when evidence against others, when not.

which is required of him, and writes to or verbally informs A that the thing has been done. This is a narrative of a past event, but it is also in furtherance of the common design, and hence admissible. The general rule is that to be admissible the conspiracy must be pending, and the acts or declarations must be in furtherance of the conspiracy — the common design."

There was nothing, however, of this character in the admissions here objected to. A joint offense being charged, and the defendants being jointly tried, each declaration was of course admissible against the party making it; but the court, upon the objection of the others, should have so limited its application and protected the others by instructing the jury not to let the admissions of an alleged associate affect or prejudice them. This was not done; and while there is much testimony in the record implicating each of the defendants in the offense charged, we cannot say that the error was not prejudicial.

Another point made against the judgment is the rejection by the court of testimony offered to impeach the credit of the witness Shafer. The witnesses of the defendant had stated that the general reputation of Shafer for truth and veracity in the neighborhood in which he lived was bad, and the inquiry was then made and disallowed whether "from that general reputation would you give him full faith and credit upon his oath in a court of justice?" This question was competent and should have been allowed. The witness must not testify to particular facts, nor to personal knowledge of the individual sought to be impeached, but should confine himself to the general reputation; and if he knows that to be bad, the inquiry should then be permitted whether from that reputation he would believe the person whose reputation is assailed, under oath. While the propriety of this practice has been questioned, (1 Greenl. Ev., § 461,) the authorities are well-nigh unanimous in holding the question to be proper. (*Eason v. Chapman*, 21 Ill. 33; *Wilson v. The State*, 3 Wis. 698; *Hillis v. Wylie*, 26 Ohio St. 574; *Hamilton v. The People*, 29 Wis. 173; *People v. Mather*, 4 Wend. 229; *People v. Davis*, 19 id.

2. Witness—impeachment— reputation— competent question.

309; *Knight v. House*, 29 Md. 194; *Stevens v. Irwin*, 12 Cal. 306; *Lyman v. Philadelphia*, 56 Pa. St. 488; *Bogle's Executors v. Kreitzer*, 46 id. 465; *Stokes v. The State*, 18 Ga. 17; *Taylor v. Smith*, 16 id. 7; *Titus v. Ash*, 4 Foster, [N. H.] 319; *U. S. v. Van Sickle*, 2 McLean, 219; *Ford v. Ford*, 7 Humph. [Tenn.] 92; *McCutchen's Administrators v. McCutchen*, 9 Ala. 650; *Moberly v. Hamit*, 1 A. K. Marsh. [Ky.] 439; *Hudspeth v. The State*, 9 S. W. Rep. 1; Starkie Ev. 238; 2 Taylor Ev., § 1470; 2 Phillips Ev., 432; Wharton Crim. Ev., § 487.)

Another matter complained of was the failure of the court to instruct the jury as to the defense of *alibi*, interposed by the defendant Thomas. The evidence offered by him warranted the giving of an instruction on the subject; but the one asked by the defendant directed the jury to acquit Thomas if they found he was not actually present, participating in the burglary and carrying away of the oats, was not proper. If Thomas was a co-conspirator, as claimed by the state, and remained such until after the crime was committed, his absence from the scene of the burglary and larceny on the night it was perpetrated would not entitle him to an acquittal. In view of the claim made by the defense, that there was no conspiracy, and of the testimony offered showing that Thomas was at another place at the time the crime was committed, the court might properly have stated to the jury the law applicable to the defense of *alibi;* but the refusal of the instruction requested was not error.

3. Alibi—proper instruction, when rightly refused.

The other questions suggested by the appellants do not require attention; but for the error designated in the admission of illegal testimony the judgment must be reversed, and the cause remanded for a new trial.

All the Justices concurring.