[Sac. No. 143.    Department Two.—April 27, 1897.]

FRANK K. THIELE, Respondent, v. SIMON NEW-
MAN, Appellant.

Negligence—Injuries by Fire—Verdict against Evidence—Fire Kin-
dled on Land of Third Person—Absence of Agency.—In an ac-
tion to recover treble damages for injury to plaintiff's land from a fire
alleged to have been kindled by defendant on his land, and negligently
watched, where the evidence shows that the fire kindled on defendant's
land was never communicated to the land of the plaintiff, but that the
fire which was thus communicated, and which caused the injury, was
kindled on the land of a third person by the owner thereof, without any
agency or authority from the defendant for such kindling, a verdict
against the defendant will be set aside as against the evidence.

Id.—Evidence—Impeachment—Declarations as to Agency for Defend-
ant.—Where the owner of the land on which the fire was set which ex-
tended to plaintiff's land, testified for the plaintff that he kindled fires
on his own land, and also kindled a fire on the land of the defendant,
and on cross-examination testified that he was requested by defendant's
agent to kindle the fire on defendant's land, but that he kindled the
fires on his own land, without request, on his own account and for his
own benefit, and not for the benefit of the defendant, conceding the
right of plaintiff, if surprised by this evidence, to show contrary declara-
tions made by the witness out of court, to the effect that he had set the
fire on his own land, for the benefit of the defendant, such declarations
can only be considered for the purpose of impeachment of the witness,
and are no evidence whatever as against the defendants of the facts
stated in the declarations, it clearly appearing that the witness had no
power or authority from the defendant to kindle fires upon his own land.

APPEAL from a judgment of the Superior Court of
Stanislaus County and from an order denying a new
trial. William O. Minor, Judge.

The facts are stated in the opinion of the court.

*P. J. Hazen,* for Appellant.

The court erred in allowing the witnesses to testify as
to the declarations of the witness Richards, made out of
court, as such declarations were inadmissible. (*People*
v. *Jacobs,* 49 Cal. 385; *People* v. *Wallace,* 89 Cal. 158; *In
re Kennedy,* 104 Cal. 430.) Plaintiff was not entitled to
treble damages, as such damages are punitive. (*Galvin*
v. *Gualala Mill Co.,* 98 Cal. 268; Sedgwick on Damages,
sec. 378; *Wardrobe* v. *California Stage Co.,* 7 Cal. 118;

68 Am. Dec. 231; *Turner* v. *North Beach etc. R. R. Co.*, 34 Cal. 594; *Mendelsohn* v. *Anaheim etc. Co.*, 40 Cal. 657.)

*P. H. Griffin*, and *G. A. Whitby*, for Respondent.

The admission of testimony as to the declarations of plaintiff's witness Richards was proper, as it tended to contradict his testimony. (Code Civ. Proc., secs. 2049, 2052.) Treble damages are properly allowable in such a case as this. (Pol. Code, sec. 3344; *Galvin* v. *Gualala Mill Co.*, 98 Cal. 268.)

McFARLAND, J.,—This action was brought by plaintiff against defendant to recover treble damages for injury done to plaintiff's land by a fire, alleged to have been kindled by defendant on his land adjoining the land of plaintiff, and to have been so negligently watched and tended that the fire came upon plaintiff's land, and burned and destroyed pasture, fences, etc. The jury found a verdict for three times the amount of the actual damage, for which judgment was rendered; and defendant appeals from the judgment and from an order denying his motion for a new trial.

Passing other points made by appellant, we are satisfied that the record presents no evidence to support the verdict. The defendant resided in San Francisco, and owned land in the hilly part of Stanislaus county, which he used for pasturing stock. Plaintiff's land, upon which the damage is alleged to have occurred, was also in the same neighborhood, but did not join the land of plaintiff. Between the land of plaintiff and that of defendant there was land owned by a man named Richards. One Henry Mills was the general foreman and superintendent of the defendant, and attended to his stock business in Stanislaus county. Mills employed the said Richards to herd and look after the cattle on a part of defendant's land. As to the nature of Richards' employment Mills testified as follows: "The scope of his employment was to ride the range and look after the fences. His duties in riding the range were to see that nobody

disturbed the cattle, if they were doing well, and put out salt for them, and see that the fences did not get down, and that they did not get out. Simply caring for the cattle generally. He had no general oversight or control of the business other than simply to look after the cattle and fences." The only witnesses who testified as to any disputed issues were the said Richards and the said Mills. Richards was called as a witness by plaintiff. Richards testified in chief that he had charge of the stock; that "he (Mills) hired me to herd the stock on the place he had charge of. My occupation was riding after the stock." He further testified that on a certain day in July, 1894, he set fire on two or three places on his, Richards', land, the nearest place to plaintiff's land being three or four hundred yards from plaintiff's line, and that he also started another fire on section 25, which was land belonging to the defendant. On cross-examination he testified that Mills told him to set a fire on section 25, near a certain sulphur spring, but did not tell him to set any fire on his, Richards', own land, and that he took a notion to set other fires, on his own account, on his own land; that he set the fires on his own land because he thought it would make better grass the next year, and that he did it for his own benefit, and not for that of Newman. He was then asked by plaintiff if at a certain time he had not stated in the presence of certain persons that he had set the fire on his own land for the benefit of Newman? This question was objected to by defendant, but was allowed, and two or three witnesses swore that at the time named they had heard Richards state that he had set the fire on his own land for the benefit of Newman. It is doubtful whether this testimony was a surprise to plaintiff, and therefore doubtful whether he had a right to impeach Richards by showing contrary declarations. (See *People* v. *Crespi*, 115 Cal. 50, and cases there cited.) But, assuming that it was properly admitted, it was not admissible for the purpose of proving the truth of Richards' declaration, and the court so instructed the jury,

saying upon that point as follows: "Some testimony has been produced before you of declarations made by Frank Richards out of court. You are instructed that you should not consider such declarations as tending to establish the truth of such declarations. Such declarations can only be considered by you in so far as they contradict or tend to contradict the testimony of said Richards, and not as proof of the statements made in such declarations made out of court." This was all the evidence introduced by plaintiff upon this subject. Upon the part of defendant said Mills testified as a witness, and in addition to that part of his testimony above quoted he said that under Richards' employment he had no right to set fire to any part of the land without he was authorized so to do by him, Mills, and that he, Mills, never gave him directions to set fire on any of his, Richards', land; that the only instruction that he gave Richards about setting fire was to go upon section 25, in the forks of the gulch, and burn the brush out; that he wanted that done partly to get some cattle, which could not be found, out of the cañon, and also for the purpose of making the feed better the next year; that the defendant had bought the feed growing on Richards' land for that year, but had nothing to do with it for the next year. He also testified, and this testimony was entirely uncontradicted, that he was at the scene of the fire about two weeks after it occurred; that it was very plain to see where the fire had traveled, and that the fire on section 25 was never communicated to the land of plaintiff; that there was quite a wide unburned section lying between the land that was burned over on section 25 and the land that was burned on Richards' land, and that the fire set on defendant's land, in section 25, was clearly not the cause of the fire which extended from Richards' land to the land of the plaintiff. Under this state of the evidence we see no ground upon which the verdict can be sustained. It clearly appears that the fire started on defendant's land, on section 25, did no damage whatever to plaintiff's land, and that Richards

had no authority whatever from the defendant or his agent, Mills, to set the fire on his, Richards', land, which was the cause of the damage: It clearly appears that the scope of Richards' employment did not give him the power, as agent of the defendant, to set fire upon any land, and that his special authority to set fire upon section 25 did not in any way include authority to set fire upon his, Richards', own land. The alleged declarations of Richards to certain witnesses, which Richards strenuously denied, were, of course, no evidence whatever as against the defendant of the facts stated in said declarations.

The judgment and order denying a new trial are reversed.

TEMPLE, J., and HENSHAW, J., concurred.