[Sac. No. 194. Department Two.—September 10, 1897.]

JOHN H. WISE et al., Appellants, v. M. M. WAKEFIELD, Respondent.

ACTION FOR BALANCE OF ACCOUNT—VERDICT FOR LESS THAN SUM CLAIMED—MOTION FOR NEW TRIAL—STATEMENT—INSUFFICIENCY OF EVIDENCE—IMPROPER SPECIFICATIONS.—In an action for a balance due upon a mutual and open account, where the verdict and judgment for the plaintiffs were for a less amount than the sum claimed in the complaint, a mere general specification in the statement on motion of the plaintiffs for a new trial, that "the evidence was insufficient for the jury to find that plaintiffs were only entitled to judgment for the sum" specified in the verdict, without setting forth what additional items of credit were claimed to be established by the evidence, is merely equivalent to saying that the verdict should have been for a larger sum, and is not available as a specification.

ID.—CONDITIONAL LEAVE TO AMEND COMPLAINT—INCREASE OF OFFER FOR JUDGMENT—DISCRETION.—Where the plaintiffs applied for leave to file an amended complaint setting forth additional items of account to conform to proofs, by which the balance of account in their favor was materially augmented, it is discretionary with the court to grant the amendment proposed, on condition that a previous offer of judgment by defendant be deemed increased to correspond with the increased demand of the complaint, and it is not an abuse of discretion to deny the application, where such condition was rejected by plaintiffs.

ID.—AGENT FOR PLAINTIFF AS WITNESS FOR DEFENDANT—IMPEACHMENT BY DEFENDANT—INSUFFICIENT OBJECTION.—Where an agent for the plaintiffs had testified fully for the plaintiffs, and was afterward called as a witness for the defendant, the defendant is not entitled, upon an unfavorable answer from the witness, to impeach his general reputation for truth, honesty, and integrity, if objection thereto were properly raised; but objection to such impeaching evidence is not properly raised by a mere general objection that the evidence is "incompetent, irrelevant, and immaterial," it being competent in a general sense, and only incompetent because of the fact that defendant had made the impeached witness his own, which must be specified in order that the point of the exception may be apparent to the court.

ID.—IMPEACHMENT NOT CONFINED TO PLACE OF RESIDENCE—INSUFFICIENT OBJECTION.—The objection that the impeaching evidence was not confined to the place of residence of the witness must be specifically stated, and is not properly raised by a general objection that the evidence is incompetent and irrelevant.

ID.—QUESTION AS TO BELIEF OF WITNESS UNDER OATH—RULE UNCHANGED BY CODE.—A witness who has testified to the general reputation of another witness as to truth, honesty, and integrity may be asked whether, on such reputation, he would believe him under oath; and the rule in this respect established in Stevens v. Irwin, 12 Cal. 306, has not been changed by the enactment of section 2051 of the Code of Civil Procedure.

ID.—OFFER OF EVIDENCE—ORAL OFFER—DISCRETION.—The court has discretion to permit a formal offer of evidence to be made orally; and it is not an abuse of discretion to overrule an objection that the offer should be in writing.

ID.—PROOF OF MOTIVE OF ACTION IMMATERIAL—ERROR WITHOUT PREJUDICE—ADMISSION OF DEBT.—Upon the issue as to whether defendant owed plaintiffs the balance of account alleged by them, proof as to the motives of plaintiffs in bringing the action is immaterial; and it is not admissible for defendant to prove that the action was not brought in good faith, but to get defendant's place of business by attaching his stock in trade; but if such evidence is received without objection, a subsequent answer to a question as to what induced the defendant to think the action was maliciously brought, to which objection was made, taken in connection with evidence admitting that defendant owed plaintiffs something, and had refused to pay them before suit was brought, is error without prejudice.

ID.—RECOVERY LIMITED TO ALLEGATIONS OF COMPLAINT—NONCOMPLIANCE WITH CONDITION OF AMENDMENT—INSTRUCTION PROPERLY REFUSED.—There can be no recovery beyond the allegations of the complaint without an amendment; and where an amendment was conditionally granted and the condition was not accepted by the plaintiff, it is proper to refuse to instruct the jury in such a manner as to permit the recovery of a greater sum than that averred in the complaint.

ID.—GOODS FURNISHED BY DEFENDANT ON ORDER OF AGENT OF PLAINTIFFS—CHARGE TO THIRD PARTIES—REFUSAL OF INSTRUCTIONS—INSTRUCTION ALREADY GIVEN—PRESUMPTION OF FACT.—Where defendant claimed credit

against plaintiffs for goods furnished to third persons on order of plaintiffs' agent, some of which were charged directly to the persons receiving them, an instruction requested by the plaintiffs that the jury should not consider such items if furnished by the agent on his individual responsibility was properly refused, where it was given in another instruction asked by plaintiffs; and a further instruction requested by them that if the goods were charged in the books of defendant to the persons who received the same, "then the presumptions are that defendant furnished the same to said parties on their own account, and not to the plaintiffs," was properly refused, because declaring to the jury a mere presumption of fact.

APPEAL from a judgment of the Superior Court of Modoc County and from an order denying a new trial. C. L. Claflin, Judge.

The facts are stated in the opinion.

Spencer & Raker, Clarence A. Raker, and D. H. Whittemore, for Appellants.

D. W. Jenks, for Respondent.

BRITT, C.—1. Plaintiffs sued to recover a balance of eight hundred and thirteen dollars and forty-two cents alleged to be due them upon a mutual and open account with defendant. They obtained a verdict and judgment for the sum of two hundred and eight dollars and six cents only; afterward, their motion for new trial was denied. They urge here that the verdict was not justified by the evidence; but the only specification of insufficiency in that respect contained in the statement on motion for new trial was this: "The evidence was insufficient for the jury to find that plaintiffs were only entitled to judgment for the sum of two hundred and eight dollars and six cents"; which was to say no more than that the verdict should have been for a larger sum, and was really no specification at all. Appellants assert that the specification "is all it could be," but we think they might at least have made it state, as they have stated in argument, what items of credit in their favor they deemed to be established without material conflict of evidence.

2. Near the close of the trial, which had continued, it seems, some eight days, plaintiffs applied for leave to file an amended complaint setting forth in addition to the items alleged in their original complaint various others said to have been proved in the

course of the evidence, and by which the balance in their favor was materially augmented; the court ordered that they have leave to amend in the more important particulars proposed on condition that a previous offer by defendant to allow judgment in a certain sum be deemed increased to correspond with the increased demand of the complaint; plaintiffs did not act on this suggestion, and complain now of the denial of their application. The matter was discretionary with the court, and we are unable to see that its discretion was abused.

3. A certain person was the agent of plaintiffs in a great part, if not all, of the transactions which gave rise to the suit; he was called by them as a witness and testified in their behalf at great length. When defendant opened his case he called as his first witness the said agent of plaintiffs and examined him as to a single item of credit claimed by defendant, his answers being unfavorable to the latter. Subsequently defendant introduced a quantity of testimony to the effect that said witness' general reputation for truth, honesty, and integrity was bad. (Code Civ. Proc., sec. 2051.) It is contended that such testimony was improperly admitted, and that defendant, by the examination of the witness in his own behalf, was precluded from impeaching his character. We are disposed to think this objection should have been sustained if it had been properly presented in the court below; but the only ground stated was that the testimony was 'incompetent, irrelevant, and immaterial'; the testimony was undoubtedly competent in the general sense, and only incompetent because of the fact that defendant had made the impeached witness his own; and this ground was not specified; the point of the exception was not "so stated as to be apparent to the court." (*Nightingale v. Scannell*, 18 Cal. 315, 323.) A like consideration applies to the further contention that the evidence was wrongly admitted because not confined to the general reputation of the impeached witness for truth, etc., in the community where he resided; the broad objection of incompetence and irrelevance did not reach the point; the general reputation of a witness necessarily includes repute in the place of his residence, and if it was desired to restrict the inquiry to that place the objection should have been stated accordingly. Lastly, under this head, it is said that the court erred in allowing the question

put to certain witnesses whether, on the general reputation for truth, etc., of plaintiffs' said agent, they would believe him under oath. The question was competent (*Stevens v. Irwin,* 12 Cal. 306); we see no substantial ground for the view advanced that the rule in this respect has been changed by the enactment of section 2051 of the Code of Civil Procedure.

4. Defendant's counsel proposed to make a formal offer of evidence; before he stated its purport plaintiffs objected that the offer should be in writing; the court overruled the objection, and in this we see no abuse of discretion. The offer was then made to show certain matters which, counsel claimed, went to prove that the action was not brought in good faith, but "to get the place of business where defendant was" by attaching his stock in trade. Plaintiffs made no objection to such proof, and the defendant, as a witness in his own behalf, gave testimony about the eligibility for business purposes of the building occupied by himself as contrasted with that of plaintiffs in the same town, and about some negotiation he had had with plaintiffs looking to a sale to them. Afterward he was asked what induced him to think the action was maliciously brought; an objection by plaintiffs was overruled, and he answered: "I thought they wanted my building." None of this evidence was proper; the issue was whether defendant owed plaintiffs as alleged by them, not what motives induced them to bring the action. But the answer of the witness to which plaintiffs objected was but his surmise based on previous testimony to which they did not object, and could not have prejudiced their case; that his answer was harmless appears the more clearly from the circumstance that in the course of his testimony he expressly admitted that he owed the plaintiffs something, and had refused to pay them before suit was brought. .

5. The court refused an instruction asked by plaintiffs, the purpose of which, counsel say, was to allow recovery on various items of account not alleged in the complaint. We have seen that the court had refused leave to amend the complaint, so as to include those items, except on terms which plaintiffs failed to accept; it was therefore right to refuse to instruct in a manner to permit their recovery in the absence of amendment. The complaint contained an express averment that all of plaintiffs' charges against defendant were therein set forth, and we do not

see how they could recover on extraneous matters without amending the pleading.

6. Defendant claimed credit for goods furnished by him to sundry persons on the order of plaintiffs' agent; and a question in the case was whether, in issuing such orders, the agent represented the plaintiffs. There was evidence that some of the goods so furnished were charged by defendant directly to the persons who received them. Plaintiffs asked an instruction to the effect: 1. That the jury should not consider such items if furnished on the order of the agent acting on his individual responsibility; and 2. That if they found that defendant charged in his books the goods aforesaid to the persons who received the same, "then the presumptions are that defendant furnished the same to said parties on their own account, and not to the plaintiffs." The court refused the same as requested. The first proposition contained in this charge was given by the court in another instruction asked by plaintiffs, and of course it was not necessary to repeat it. The second was rightly refused because declaring to the jury a mere presumption of fact. (*Helbing v. Svea Ins. Co.*, 54 Cal. 156; 35 Am. Rep. 72.)

We find no material error in the record available to appellants. The judgment and order denying a new trial should be affirmed.

Chipman, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

McFarland, J., Temple, J., Henshaw, J.