[Crim. No. 89. Second Appellate District.—September 8, 1908.]

## THE PEOPLE, Respondent, v. EDWIN COREY, Appellant.

CRIMINAL LAW—VERDICT NOT APPEALABLE.—The Penal Code does not provide for an appeal from the verdict of the jury in a criminal action; and the record presents nothing for consideration under an appeal attempted in that name.

ID.—RAPE—INTERCOURSE WITH YOUNG GIRL—REDIRECT EXAMINATION— ARREST UPON STREET—DELAYED COMPLAINT TO OFFICER—EVIDENCE NOT PREJUDICIAL.—Upon the trial of a defendant charged with rape, in having sexual intercourse with a girl under sixteen years of age, where on cross-examination the defendant elicited the fact of a delayed complaint made to a police sergeant, when she was arrested on the street in the early morning three weeks after the alleged offense, the repetition of evidence on re-examination that she then for the first time complained to the arresting officer that she had been ravished by the defendant would not prejudice the defendant.

ID.—REBUTTAL OF CROSS-EXAMINATION AS TO LEWD CONDUCT—PURPOSE OF DROWNING WHEN ARRESTED ON STREET.—It was proper on re-

direct examination to rebut the inference of subsequent lewd conduct of the prosecutrix in being on the street before arrest, elicited on cross-examination, in order to show that her condition testified to by a physician might have been caused by other lewd conduct, by testimony that before arrest she left her home because she was worried and was going to drown herself, when she was arrested and made the complaint against defendant to the arresting officer.

ID.—INCOMPETENT OPINION EVIDENCE—WORRY ABOUT "FAMILY WAY" —IMPROPER CORROBORATION—ERROR IN REFUSING TO STRIKE OUT. The response to a question as to the cause of her worry, when going to drown herself, "I was afraid I was in a family way, so I run away," was incompetent opinion evidence of the prosecutrix, offered in improper corroboration of the case for the people, and which might have great weight with the jury, and it was prejudicial error to refuse a motion to strike it out.

ID.—IMPEACHMENT OF WITNESS—PREJUDICIAL REJECTION OF OPINION.— Where a witness is called to impeach another by showing knowledge of the bad reputation of the witness for truth and veracity, it is improper to reject the opinion evidence of the impeaching witness, based on such knowledge, that he would not believe the impeached witness under oath. It cannot be said that such rejection is not prejudicial, and that the opinion rejected will have no weight with the jury.

ID.—MODIFICATION OR REFUSAL OF REQUESTED INSTRUCTIONS—CONCLUSION OF GUILT OR INNOCENCE.—It was proper to modify a requested instruction so as to make it import substantially that where the evidence justified equally or alike a conclusion of guilt or innocence, the jury must adopt the latter, and to refuse a requested instruction as to two chains of circumstances not covered by a rule of law, and not within the facts of the case.

ID.—PROPER INSTRUCTIONS AS TO GUILT OR INNOCENCE.—It was proper to instruct the jury that if two opposing conclusions could with equal propriety be drawn from the evidence, the one favoring innocence should be adopted, and that the one favoring guilt of the accused could only be adopted when convincing beyond a reasonable doubt.

ID.—INSTRUCTIONS CONSTRUED TOGETHER—REASONABLE DOUBT.—All of the instructions embodied in the charge to the jury are to be construed together; and when they embody the whole law as to reasonable doubt, instructions given must be deemed modified by that law, though not fully expressed in each instruction.

ID.—MODIFICATION OF REQUEST—DISTRUST OF WILLFULLY FALSE WITNESS.—The court properly modified an instruction as to the distrust of a willfully false witness, the request for which added to the code provision evidence taken either at the preliminary examination or at the trial, by striking out all allusion to the place where the evidence was given.

8 Cal. App.—46

ID.—INSTRUCTION AS TO INFERENCES OF FACT FOR JURY—COMMONPLACE MATTERS.—Instructions improperly relating to inferences of fact which are matters for the jury, in so far as they relate to commonplace matter which the jury must be presumed to know about in the absence of instructions, are not ground of reversal, whether given or refused, if neither is prejudicial to the defendant.

ID.—INSTRUCTION AS TO IMPEACHMENT—PREJUDICIAL REFUSAL OF REQUEST.—When the court instructed the jury merely that a witness may be impeached by a party against whom he is called by contradictory evidence, or by evidence that his truth, honesty or integrity is bad, it was prejudicial error to refuse an additional request that he may also be impeached if ''he has made at other times statements inconsistent with his present testimony,'' if there is evidence to which it applied.

ID.—INSTRUCTION LIMITING EVIDENCE OF IMPEACHMENT.—It is proper for the court to instruct the jury that evidence offered for the purpose of impeachment is to be considered only in reference to that limited purpose, and cannot be considered as establishing the facts stated.

ID.—CAUTIONARY INSTRUCTION NOT REQUIRED AS TO EVIDENCE OF PROSECUTRIX—HARMLESS ERROR IN MODIFYING REQUEST.—There is no statutory requirement for a cautionary instruction in rape cases, as to the evidence for the prosecutrix, or as to corroboration of her evidence, but a conviction will be sustained upon the testimony of the prosecutrix alone. When the defendant requested a cautionary instruction as to scrutinizing the evidence of the prosecutrix with great care, and it was modified by adding ''except where it is corroborated by other credible evidence, if you find that there is any such in the case,'' whatever error was committed in giving the instruction as modified was to the benefit, and not to the prejudice, of the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County, from an order denying a new trial, and from the verdict of the jury. W. P. James, Judge.

The facts are stated in the opinion of the court.

F. H. Thompson, and Goldberg & Meily, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

TAGGART, J.—The record shows notices of appeal: From a judgment of conviction of the defendant of the crime of rape, committed by having intercourse with a female child

under the age of sixteen years; from an order denying a motion for a new trial, and from the verdict of the jury in the cause.   Our code does not provide for the appeal last named, and the record presents nothing for consideration under the appeal attempted by that name.

The offense is alleged to have been committed June 22, 1907, and, as testified to by the prosecutrix, was committed at the house of a woman named Jacoby, while the prosecutrix, with defendant, and the Jacoby woman, with another man, occupied the same bed for a period of about half an hour, all in a more or less intoxicated condition from drinking beer. And according to the testimony of prosecutrix each woman had intercourse with her male companion, although a sixteen year old brother of the Jacoby woman, who had not been drinking, was present all the time.   The Jacoby woman denied having intercourse with the man with whom she was lying, and all knowledge of defendant having had sexual intercourse with the prosecutrix, although she (the witness) was awake and talking all the time the party were in the bed together.   She, however, testified that when she "got up and went to the bathroom" she was followed by the prosecutrix, and "she [prosecutrix] made complaint to me."   What the complaint was is not stated.

This woman corroborated the testimony of the prosecutrix that the two men and two women, partly undressed, and more or less intoxicated, occupied the bed together, she fixing the time which the party stayed in bed at from ten to fifteen minutes.   A physician who examined prosecutrix in the early part of the September following testified that he found prosecutrix's vagina in such a condition as to give presumptive evidence that she had had sexual intercourse some time before.   The laceration of the hymen had completely healed and the conditions were such as he would have expected any time after two weeks from the injury, or perhaps in less time.   Neither the sixteen year old brother nor the male companion of the Jacoby woman appear to have been witnesses at the trial.

On cross-examination of the prosecutrix she was asked: "Who was the first person that you told about being ravished there that night, after the occurrence?"   To which she answered: "University Station Sergeant Butler."   It was then developed that she was arrested about half-past 1 o'clock in

the morning wandering about the streets alone some time in July, about three weeks after the occurrence of June 22d, and again, about two weeks later, arrested about 2 o'clock in the morning under similar circumstances.

On redirect examination by the district attorney she was asked in relation to the arrest: "What was the occasion of your being there, and what made you run away from home?" To this defendant objected as incompetent, irrelevant and immaterial, and the court overruled his objection. The witness answered: "Well, because I was worried. I was going to drown myself, that is why." And the district attorney continued the examination: "Q. Worried about what? A. I was afraid I was in a family way, so I run away." (Defendant thereupon moved to strike out the answer on the general grounds stated in objection to the first mentioned question, which motion was denied.) "Q. And the second time you were arrested out there about two weeks later, why did you run away that time?" (Same objection, ruling and exception.) "A. Worried about the same thing."

The cross-examination tended to show that the condition found by the physician might have been the result of conduct of the prosecutrix after the date of the alleged rape, and the prosecution was entitled, on redirect examination, to show that the presence of the prosecutrix on the street at the times mentioned was not for purposes which might have produced the conditions mentioned by the physician. This would have justified the asking of the first question, but the second question, "Worried about what?" was somewhat ambiguous. It might have elicited an answer which was proper evidence in the case and did not necessarily call for incompetent testimony. The answer, although responsive, was clearly incompetent, and we think the motion to strike it out should have been granted. (*People* v. *Long,* 7 Cal. App. 27, [93 Pac. 387].) It is apparent that the district attorney and the trial court both regarded the evidence as competent, since an objection to another question intended to call for a repetition of the answer was overruled.

The testimony as to the delayed complaint made to the arresting officer three weeks after the alleged occurrence was elicited by defendant himself on cross-examination, and its repetition in the redirect examination could not have preju-

diced him, even though the evidence itself was not admissible as a part of the case for the prosecution under the decision in *People* v. *Gonzales,* 6 Cal. App. 255, [91 Pac. 1013], and cases therein cited. The opinion of the prosecutrix that she was afraid she was in a family way was a corroborating circumstance which might have had great weight with the jury, the evidence for the prosecution disclosed by the record being inherently weak in character.

Upon redirect examination it is proper to permit the witness to state facts and circumstances that tend to correct or repeal any wrong impressions or inferences that arise from the matter drawn out on cross-examination, notwithstanding such facts and circumstances may prejudice the case for the defendant. (*State* v. *McGahey,* 3 N. D. 293, [55 N. W. 753].) The cross-examination by the defendant of witnesses for the prosecution may open the door for the admission, on redirect examination, of matters tending to support the case for the prosecution, which would not have been admissible on the case in chief, and such matters will be received on the ground that they are necessary to explain the testimony elicited upon the cross-examination (*Williams* v. *State,* 61 Wis. 281, [21 N. W. 56]), or are a part of the transaction which has been inquired into upon the cross-examination (*People* v. *Smallman,* 55 Cal. 185); but, on the other hand, the reason of a witness for doing a particular act is not evidence unless intent be the gist of the crime and the question be directed to the person whose intent is the subject of the inquiry. In a case of this character, even the reasons of the prosecutrix for her acts in connection with the crime charged, where detailed sometime after, were held inadmissible when sought to be introduced in the same manner here attempted, to wit, by redirect examination. (*People* v. *Flaherty,* 162 N. Y. 532, [57 N. E. 73].) A question calling for her state of mind and her reasons for acts done three weeks after the time of the alleged rape, which on its face shows it was asked for the purpose of introducing in evidence a mere opinion or belief of the prosecutrix in support of her case, is clearly improper. The evidence sought to be introduced could have been intended for no other purpose than that the jury might connect it with the occurrence of June 22d, and thereby strengthen the case for the people.

There was no error in sustaining an objection to the question addressed to the Jacoby woman as to the intent with which she got into bed with Sullivan.

The practice is not uniform in all the states in respect to the right to ask a witness called to impeach another by showing the latter's general reputation to be bad, the question: ''From what you know of her general reputation for truth and veracity would you believe her under oath?'' but in this state the right has been sustained and it was long ago said to be too well established to be questioned. (*Stevens* v. *Irwin,* 12 Cal. 306.) The adoption of the code has not changed the rule. (*Wise* v. *Wakefield,* 118 Cal. 107, [50 Pac. 310].)

The attorney general contends that the refusal to allow the question to be asked has never been held to be reversible error by the appellate courts of this state, and we are asked to so consider the refusal of the court to permit the defendant to ask the question of the witness Herrin in relation to the witness Jacoby. This is urged on the ground that the opinion of Mrs. Herrin in this respect could not have influenced the jury in reaching a verdict, and therefore the rejection of the evidence was not prejudicial. Other states which permit the question to be asked have taken a contrary view (*Douglass* v. *State* [Tex. Cr. App.], 98 S. W. 840; *State* v. *Johnson,* 40 Kan. 266, [19 Pac. 749]), and we do not see how an appellate court can well say that the opinion of a witness, made competent evidence by the statute and the rules of evidence, can have no effect upon the verdict. The effect must be determined entirely by the person giving the opinion, and this in turn would depend upon the manner of the witness, his credibility, and so forth, which are matters exclusively within the province of the jury. We have considered the effect of the decision in the case of *People* v. *Tyler,* 35 Cal. 553, that the witness may be said to be impeached by the proof that his general reputation for truth and veracity is bad in the community in which he resides, without the impeaching witness being himself prepared to say he would not believe the witness under oath. But the adoption of one method of impeachment does not exclude the party adopting it from availing himself of any of the other methods provided by law, however conclusive his first effort may have been. A witness may be willing to testify to the bad general reputation of a witness whom he could not conscientiously say he would

not believe under oath. If he adds his individual opinion to the general reputation, we cannot say that such opinion will have no weight with the jury.

The trial court modified certain instructions requested by defendant, and refused to give certain others. The instruction, ''The jury are instructed that if the evidence points (*equally*) to two conclusions, one consistent with the defendant's guilt, the other consistent with the defendant's innocence, the jury are bound to reject the one of guilt and adopt the one of innocence, and acquit the defendant,'' was modified by inserting the word ''equally,'' as indicated; and the instruction, ''The court instructs you that if there be two chains of circumstances, one chain of circumstances pointing toward the innocence of this defendant, and the other chain of circumstances pointing toward his guilt, and you are unable to say beyond a reasonable doubt which of the chains of circumstances is correct, it will be your duty to follow the chain of circumstances which points toward the defendant's innocence, and acquit him,'' was refused by the court.

It is contended by appellant that under the authority of *People* v. *Dolan,* 96 Cal. 315, [31 Pac. 107], it was error for the trial court to modify the one instruction and to refuse to give the other. The instruction refused is neither within the rule laid down by the case cited nor within the facts of the case at bar, and no error was committed by refusing to give it.

By the modification of the other instruction the court no doubt intended to say that where the evidence justified equally or alike a conclusion of guilt or innocence, the jury must adopt the latter. The words *"points to* two conclusions'' were not happily chosen in the instruction as requested by defendant, but the ambiguity created by their use was not increased or rendered any more prejudicial to defendant by the interpolation of the word ''equally.'' It was proper for the court to instruct the jury that if two opposing conclusions could with equal propriety be drawn from the evidence, the one favoring innocence should be adopted, although it is also true that the one favoring the guilt of the accused could only be adopted when convincing beyond a reasonable doubt. The entire charge must be considered together. All instructions given to the jury which directed them to convict prop-

erly included the element of the guilt of the defendant beyond a reasonable doubt.

The defendant requested the instruction: "If you believe from the evidence that any witness has willfully testified falsely to any material fact, *either at the preliminary examination of this case, or at this trial,* you are at liberty to reject *her* or *his* (the) entire testimony (of such witness)." It was modified by the court by striking out the words in italics and adding those in parenthesis, and as so modified was given to the jury.

The importation into this instruction of the element of a false statement made at a place other than the trial cannot strengthen the right of the defendant to have it given. If he was not entitled to have the instruction given in the language of the code, as it was given by the court, the refusal to give it with the added matter was not reversible error.

Section 2061 of the Code of Civil Procedure provides, that on all proper occasions the jury are to be instructed by the court: ". . . (3) That a witness false in one part of his testimony is to be distrusted in others." Instructions of this character required by the section of the code mentioned, and held proper in other jurisdictions, have been frequently criticised as unconstitutional in this state because invading the province of the jury, and the inferences which the jurors are thereby instructed to draw are declared to be inferences of fact, and not conclusions of law which the court is justified in making for the jury. (*Kauffman* v. *Maier,* 94 Cal. 283, [29 Pac. 481].) After much consideration of the question, the supreme court has classified these instructions among those said to contain only mere commonplace matters that jurors would be presumed to know about and act upon in the absence of instructions, and whether violative of the constitutional prohibition against judges charging juries with respect to matters of fact, or not, if not prejudicial to defendant's case, neither the giving nor refusal of them will be held to be a ground of reversal. (*People* v. *Wardrip,* 141 Cal. 229, [74 Pac. 744]; *People* v. *Ruiz,* 144 Cal. 251, [77 Pac. 907]; *People* v. *Moran,* 144 Cal. 63, [77 Pac. 777]; *Goss* v. *Steiger,* 148 Cal. 155, [82 Pac. 681]; *People* v. *Grill,* 151 Cal. 597, [91 Pac. 515]; *People* v. *Hower,* 151 Cal. 646, [91 Pac. 507].)

The trial court also instructed the jury that, "A witness may be impeached by the party against whom he is called by

contradictory evidence, or by evidence that his general reputation for truth, honesty, or integrity is bad.'' Defendant tendered an instruction to this effect which also contained the words, ''or that he has given testimony at other times inconsistent with his present testimony,'' which additional words the court refused to give. Section 2052 of the Code of Civil Procedure expressly declares that a witness may be impeached by showing that ''he has made, at other times, statements inconsistent with his present testimony.'' The attorney general invokes the rule declared in connection with the instruction last considered, and contends that to so instruct the jury would be to tell them something they already knew. This can hardly be said of a rule provided, not as an instruction upon the effect of the evidence, but as a rule relating to its admission and application. The criticisms of some of the subdivisions of section 2061 referred to above are not directed against a rule declaring the purpose for which evidence is admitted. There appears to be a peculiar propriety in the court advising the jury as to the application which the law permits to be made of a particular kind of evidence, while instructions as to the effect which should be given the evidence present a different question.

Evidence which is intended to be considered only for a limited purpose is often admitted, and it is the duty of the court upon request of the party affected thereby to instruct the jury that they shall consider such evidence only for the purpose for which admitted. This rule is applicable to impeaching evidence, and has been so declared in cases in which parties have attempted to use impeaching evidence for the purpose of sustaining the case in chief. In such a case it is proper for the court to instruct the jury that the statements introduced for the purpose of impeaching the witness cannot be considered as establishing the facts stated, but for the sole purpose of contradicting the witness sought to be impeached. (*Thiele* v. *Newman*, 116 Cal. 571, [48 Pac. 713].) There is testimony in the record here to which such an instruction was applicable, and the defendant was entitled to have it given. The testimony of the witness Jacoby was seriously affected by such impeaching testimony, and it was important to the defendant that the jury should have been instructed in this regard.

The instruction requested by the defendant, that it was the duty of the jury to scan and scrutinize the testimony of the prosecutrix with great care and act upon it with caution, was modified by the court by adding the words, "except where it is corroborated by other credible evidence, if you find there is any such in the case." There is no special statutory requirement for such a cautionary instruction in rape cases, neither is there any statutory rule requiring evidence in corroboration of the story of the prosecutrix to be given in order to justify a conviction. On the contrary, it has been held by the supreme court of this state that a conviction will be sustained which rests upon the testimony of the prosecutrix alone. (*People* v. *Logan*, 123 Cal. 414, [56 Pac. 56] ; *People* v. *Benc*, 130 Cal. 168, [62 Pac. 404].) It has also been held that to refuse to give an instruction cautioning the jury as to the danger of convicting on the unsupported testimony of the prosecutrix was proper in a case where there was some corroborating evidence, because the jury might construe such giving to be an intimation from the court that the corroboration was insufficient. (*People* v. *Rangod*, 112 Cal. 672, [44 Pac. 1071].) If there was error in giving the instruction as modified, it is apparent that the error was to the benefit, and not the prejudice, of the defendant.

Judgment reversed.

Allen, P. J., and Shaw, J., concurred.