[Civ. No. 11758.   Second Appellate District, Division Two.—June 10, 1938.]

ZIRL MYERS, Respondent, v. ROBERT VERNON ROSE et al., Appellants.

John H. Miller, Fred O. Reed, Richard L. Kirkland, Joseph D. Taylor and Holbrook & Tarr for Appellants.

Frank J. Ryan and Oscar O. Collins for Respondent.

CRAIL, P. J.—This is an appeal from a judgment in favor of the plaintiff in an action for personal injuries arising out of a collision between an interurban car and an automobile with a trailer. The plaintiff was operating a passenger car propelled by electric power in an easterly direction near the intersection of Main Street and Palm Avenue on the north and Poplar Boulevard on the south in the city of Alhambra, and the defendant was operating a large truck and trailer proceeding in a westerly direction on Main Street. The defendant attempted to turn to his left into Poplar Boulevard at the intersection.

The cars of the Pacific Electric were upon a private right-of-way, which intersected the street at this point. The truck

driven by the defendant cleared the southerly of the two double tracks of the railway company, but the trailer did not get across and was hit by the electric car operated by the plaintiff. The alleged negligence consists in the operation of the truck and trailer in such a manner as to have caused its collision with the car of which plaintiff was motorman. The right-of-way was unpaved, except at the crossing, and the tracks were unballasted, with the exposed ties and ''T'' rails projecting their full height above the level of the ground. The tracks were utilized by an interurban track line. On either side of Poplar Boulevard the railroad was operated on its private right-of-way.

Defendant complains that upon redirect examination of the plaintiff the following questions and answers were permitted by the court: ''Q. Does he as instructor give you instructions how to operate your car? A. Yes. Q. Have you been given any instructions as to the rate of speed at which you were to cross this intersection? [Objected to by the defendant as incompetent, irrelevant and immaterial and upon the further ground that any instruction by the Pacific Electric Railway Company would be hearsay so far as this defendant is concerned.] By the Court: Overruled. A. About twenty miles per hour.'' But the matter had been opened up and gone into by counsel for defendant on cross-examination prior to this. ''Q. [By the defendant.] You have orders, don't you, as to how to operate your train along this particular track? . . . Isn't it a fact that you were instructed not to proceed across this intersection at a speed greater than fifteen miles per hour? A. No, sir.'' Under the circumstances the plaintiff was entitled to a reasonable opportunity to inquire into the instructions on redirect examination. Upon redirect examination it is proper to permit the witness to state facts and circumstances that tend to correct or repel any wrong impressions or inferences that might arise on the matters drawn out on cross-examination. (*People* v. *Corey*, 8 Cal. App. 720, 725 [97 Pac. 907].)

The defendant next contends that the trial court committed prejudicial error in not striking the testimony of Dr. Weber as to the reasonable value of medical services and hospitalization for which the defendant contends the plaintiff incurred no liability. In this behalf the record shows that Dr. Weber testified that he was the chief surgeon of the Pa-

cific Electric Railway Company and, after qualifying himself, testified as to the reasonable value of the medical services and hospitalization. He then testified that the bills were charged to the Pacific Electric Railway Company by the hospital and by him and then the company made a charge to Mr. Myers. The doctor then testified that except for approval of bills which came to his office he knew nothing about the office mechanics of how the bills were charged. It was upon this state of the record that the defendant moved to strike out Dr. Weber's testimony as to the reasonableness of his charges on the ground that the evidence showed that the bills were only charged to the Pacific Electric Railway Company. The motion was not good. Furthermore, the record shows that the Pacific Electric Railway Company had filed a lien on any judgment which the plaintiff might recover against the defendant, and the evidence was admissible under the Workmen's Compensation Insurance Act. (Gen. Laws, Act 4749, sec. 26.)

The defendant next complains that the court committed prejudicial error in excluding an ordinance of the city of Alhambra which prohibits the speed of street cars in excess of twenty miles per hour in a residence district, and which defined the term street car to be "every device traveling exclusively upon rails when upon or crossing a street other than a device propelled by steam". There was no evidence that the car was going more than twenty miles per hour in the intersection involved, nor that the ordinance had been violated. The defendant's contention is untenable.

Finally, the defendant complains that the court committed prejudicial error in several of its instructions to the jury. But in this regard the defendant wholly failed in his brief to comply with rule VIII, section 3, Rules for the Supreme Court and District Courts of Appeal, which provides, among other things, that "where instructions given to a jury are attacked as erroneous, all other instructions given, bearing upon that subject, must be printed in full in the appellant's brief". For this reason we do not discuss the instructions in detail. It is sufficient for us to say that there was no reversible error with regard to the instructions.

Judgment affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 4, 1938, pursuant to stipulation of the parties.