PEOPLE *v.* RYAN

CRIMINAL LAW—DEFENDANT TESTIFYING—IMPEACHMENT—PRIOR AR-
RESTS.

> A defendant testifying at his own trial may not be asked if he
> has been arrested or charged with crime where the arrest or
> charge has not resulted in a conviction and where the only
> purpose of the question is to impeach the defendant's credibil-
> ity as a witness.

Appeal from Muskegon, Charles A. Larnard, J.
Submitted Division 3 September 7, 1971, at Grand
Rapids. (Docket No. 9444.) Decided September
28, 1971. Leave to appeal denied, 387 Mich 801.

Ralph Ryan was convicted of illegal sale of mari-
juana. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Paul M. Ladas,*
Prosecuting Attorney, and *Fredric A. Grimm, Jr.,*
Chief Assistant Prosecuting Attorney, for the
people.

*Michael E. Kobza,* for defendant on appeal.

Before: HOLBROOK, P. J., and McGREGOR and
T. M. BURNS, JJ.

---

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 320 *et seq.*

PER CURIAM. Dennis Brown and defendant were charged in a two-count information with the sale and possession of marijuana. MCLA §§ 335.152, 335.153 (Stat Ann 1957 Rev §§ 18.1122, 18.1123).

A police narcotics agent testified that both Brown and defendant were present during negotiations for the sale, and that the agent paid Brown $120 on July 11, 1969. Delivery was made by Brown on July 14, 1969. Arrests were made a few days later.

Brown entered a plea of guilty to possession and testified at defendant's trail as a witness for the prosecution. Defendant was found guilty by a jury of illegal sale under count I and sentenced to a term of 20 to 40 years. Defendant appeals.

These facts, although not comprehensive, are sufficient to decide this appeal.

Defendant raises seven issues. With one exception, these questions were not preserved for review by timely trial objections. The exception was the question of whether it was prejudicial error for the judge to admit, over objection by the defendant's attorney, the prior record of both arrests and convictions of defendant during cross-examination by the prosecutor. The record reveals the following, during cross-examination.

"*Q.* Where were you in June?

"*A.* In June I was in jail in Grand Haven.

"*Q.* Okay, and you said you'd been arrested for sale is that correct? [*He had not made this statement.*]

"*A.* No, the only thing I was convicted of—

"*Q.* I didn't ask you what you were convicted of. You were arrested for sale?

"*A.* Yes, I was arrested for sale.

"*Q.* How many times were you arrested for sale?"

At this time, a proper and timely objection was made. The court overruled and allowed the prosecu-

tor to "interrogate this witness as to whether he had been arrested or whether he had been convicted". More questions relating to arrests were asked and answered. The record does not disclose any convictions "for sale".

A defendant testifying at his own trial may not be asked if he has been arrested or charged with crime where the arrest or charge has not resulted in a conviction and where the only purpose of the questions is to impeach the defendant's credibility as a witness. *People* v. *Brocato* (1969), 17 Mich App 277, 302.

This trial started after the *Brocato* decision. The law as expressed in *Brocato* applies. *People* v. *Ruppuhn* (1970), 25 Mich App 62, 66.

Reversal for the reasons stated makes unnecessary the consideration of other issues submitted for review.