## 50508. McKENTY v. THE STATE.

EVANS, Judge.

Defendant was indicted in two counts for theft of two Buick automobiles. He was convicted of Count 1, but the jury found him not guilty as to Count 2. Defendant appeals and contends the evidence was entirely circumstantial in nature and insufficient to exclude every reasonable hypothesis save that of his guilt. *Held:*

1. The automobiles were proven to have been stolen; defendant was seen driving both vehicles; his fingerprints were found in the automobile allegedly stolen in Count 1; and there was evidence as to the modus operandi of the theft sufficient to connect this defendant with the crime. The defendant testified that he was on a drinking spree in Savannah and had been in numerous automobiles while in Savannah, and could have left his fingerprints in this automobile. He did not, however, explain just why he may have been in the stolen automobile.

2. Of course, under Code § 38-109, to support a conviction on circumstantial evidence the proved facts must be consistent with the hypothesis of guilt and must exclude every other reasonable hypothesis. Here the circumstantial evidence fully measures up to these requirements. The defendant was seen in an automobile which was shortly thereafter stolen; his fingerprints were found in the automobile; he had no reasonable explanation as to his presence in the stolen automobile; he did not contend he knew the owner, or that he was given permission by any authorized agent of the owner to get into the automobile; he testified that he had recently arrived in Savannah from Chicago and had no explanation for what he was doing during the four days

thereafter when the car was stolen except that he had become divorced and was "in the process of relocating myself and I hadn't been doing anything all that week except doing a lot of drinking *and everything.*" (Emphasis supplied.) He had never been to Savannah before and did not know anyone in Savannah; about two nights before he had a fight at a black bar; he was inebriated at the time of his arrest; he remembered being in from six to eight automobiles, but did not know the last names of any one of the drivers or owners of the cars. He told the arresting officer after it was explained that his fingerprints were found in the stolen car, that he would not deny being in the car but that he did not remember being in it; he had been drinking with some black girls in the tavern and there were other white men in the bar; he stayed drunk for six days; as to where he lived in Savannah, he lived with a few women; he didn't know whether they were married or not; and he had no special reason for coming to Savannah.

3. At best the defendant's testimony may be summed up as showing that defendant was drunk and did not remember what he did; and if he stole the car in question, his drunken condition prevented his remembering it.

4. Drunkenness is no excuse for committing a crime. Code Ann. § 26-704.

5. The defendant's testimony, instead of exonerating him, tended to support the state's case against him. Even though Code § 38-109 as to circumstantial evidence requires exclusion of every reasonable hypothesis except that of the guilt of the accused, the evidence does not have to exclude every possibility or inference that may be drawn from the proved facts. It is only necessary to exclude reasonable inferences and reasonable hypotheses. See *Wrisper v. State,* 193 Ga. 157, 164 (17 SE2d 714); *Dunson v. State,* 202 Ga. 515, 521 (43 SE2d 504); *Harris v. State,* 86 Ga. App. 607 (1) (71 SE2d 861).

Accordingly, the judgment is affirmed.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

Argued April 9, 1975 — Decided June 9, 1975 —
Rehearing denied July 1, 1975 —

*James C. Bonner, Jr., Thomas M. West,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, William H. McAbee, II,* for appellee.