## 51003. HILL et al. v. THE STATE.

WEBB, Judge.

Buck Hill and Joe Daniels were indicted for escape and tried jointly, resulting in a verdict of guilty as to each defendant. They now appeal on the general grounds only, contending that they should have been acquitted under their defense of coercion, Criminal Code § 26-906.

The evidence shows that defendants had been inmate representatives, or "mediators," in a series of negotiations aimed at court-ordered desegregation of the State Prison at Reidsville. Tensions and dissensions were abundant during this time, and threats were made upon defendants' lives "from all corners" by whites, blacks, and homosexuals who did not wish their "families" broken up. Defendants received word by the "grapevine" that they had been "bought and paid for" and "would both go down Sunday," the day on which they escaped. There was evidence that Hill unsuccessfully attempted to bring his plight to the attention of Mr. McLeroy, who was in charge of education at the prison, on Thursday or Friday before the Sunday on which they were rumored to be killed. There was similar testimony that after Daniels received a threatening note he wrote the warden a letter stating that it was imperative that he see him. *Held:*

Criminal Code § 26-906 provides that "A person is not guilty of a crime, except murder, if the act upon which the supposed criminal liability is based is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury."

Fear of injury must be reasonable and it must be of present and immediate violence. Coercion is no defense if the person has any reasonable way, other than committing the crime, to escape the threat of harm. (See Committee Notes to § 26-906, supra). Such questions are for the jury. *Syck v. State,* 130 Ga. App. 50 (202 SE2d 464); *Dobbs v. State,* 132 Ga. App. 614 (208 SE2d 624). The jury would have been justified in finding that defendants had reasonable means other than escape to prevent harm, particularly since another mediator had been placed in protective custody. No error of law appearing, we must affirm the judgment.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED SEPTEMBER 15, 1975 — DECIDED SEPTEMBER 19, 1975.

*Carroll L. Cowart,* for appellants.

*John W. Underwood, District Attorney, Dupont K. Cheney, Assistant District Attorney,* for appellee.