58773. HILL v. THE STATE.

Smith, Judge.

Appellant was convicted of motor vehicle theft. He contends on appeal that the evidence was insufficient to support the verdict. Appellant also contends that a mistrial should have been granted because his character was improperly placed in issue by the unresponsive testimony of the arresting officer. We affirm.

1. On January 10, 1978, an automobile belonging to a precious stone salesman was stolen. Inside the auto were approximately $20,000 worth of precious stones, including several carved opals. On January 12, 1978, the auto was recovered. Later that day, appellant entered the offices of the West Side Loan Company in Atlanta and attempted to pawn a carved opal. However, an employee of West Side Loan had been informed of the theft and contacted the police. Appellant was arrested and

searched. Although the carved opal was not found, the police did recover several pieces of specially marked paper which the precious stone salesman identified as the paper he used to wrap the stolen opal carvings. The police also found keys in appellant's possession which fit the salesman's auto.

Appellant concedes that the evidence in this case "was sufficient to raise a grave suspicion of the Defendant's guilt of the offense charged[.]" We believe the evidence raises more than a "grave suspicion." Although the evidence in this case was entirely circumstantial, it was nonetheless sufficient to exclude every reasonable hypothesis save that of appellant's guilt. See *McKenty v. State,* 135 Ga. App. 271 (217 SE2d 388) (1975). The evidence was therefore sufficient to support the verdict. *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71) (1979).

2. During cross examination of the arresting officer, the following exchange took place: "Q. You don't recall taking miscellaneous papers with telephone numbers on it from him? A. No . . . Now, these items here were taken from his pants pocket, inside of a jacket pocket was an envelope with what appeared to have been Marijuana possibly. But since there was no contents to it I did not, you know, no charges were made for it." The jury was then excused on request of appellant's counsel, who moved as follows: "Your Honor, at this time I would like to move for a mistrial on the basis that the Officer has made an answer to a question not responsive imputing another crime, a totally different and separate crime to the defendant without any basis whatsoever, and it puts the defendant's character in issue when the defendant has not himself chosen to put his character in issue, and on that I move for a mistrial." The court did not grant the motion. However, the jury was given the following corrective instruction: "All right, members of the jury, we are ready to resume proceedings in this case. But the Court instructs you to disregard the last statement made by the Officer, something to the effect that inside the jacket pocket was found what appears to have been Marijuana possibly. Since there was no contents, no charges were made. This is not to be considered in your deliberations or in the issue of the guilt of this young man, he's not charged

with that, that has nothing to do with the case and is not to be even remembered by you. In other words, take it out of your minds so far as this case is concerned. All right, sir. If anybody can't do that, then you let me know now . . ."

"When it is impossible for the trial court by corrective instructions to rectify the harm done by improper testimony, a mistrial must be granted. *Harris v. State,* 214 Ga. 739, 742 (107 SE2d 801) (1959); *Boyd v. State,* 146 Ga. App. 359 (246 SE2d 396) (1978)." *Posey v. State,* 152 Ga. App. 216 (1979). However, even assuming that the arresting officer's testimony was improper under the circumstances of this case, we do not believe that the trial court erred in refusing to grant a mistrial. The arresting officer made it clear that, despite appearances, appellant did not in fact possess any marijuana. In light of this testimony, any prejudice that may have resulted from the arresting officer's testimony that appellant possessed "an envelope with what appeared to have been marijuana possibly" was certainly minimal. The curative instruction was, under the circumstances, a more than adequate remedy. *Spraggins v. State,* 240 Ga. 759, 762 (243 SE2d 20) (1978).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 18, 1979 — DECIDED FEBRUARY 14, 1980.

*Brooks S. Franklin,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.