## 59431. GASTON v. THE STATE.

BANKE, Judge.

The defendant appeals from the denial of his motion for new trial following his conviction for burglary. *Held:*

1. The victim testified that he found some of the stolen property on the defendant's premises shortly after the burglary and that the defendant later admitted his guilt to him. This was amply sufficient to enable a

rational trier of fact to find the appellant guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The first three enumerations of error are without merit.

2. The victim's testimony that he was the owner-operator of the burglarized store rendered him competent to testify that the defendant, a former employee, had no authority to break into it. The witness' failure to explain his relationship to the corporation which was alleged in the indictment to own the store did not constitute a fatal omission. Had appellant's counsel sincerely believed at trial that the witness was not competent to testify on the defendant's lack of authority to enter, he was free to cross examine on the issue.

3. The trial court did not err in failing to hold a Jackson v. Denno hearing to test the voluntariness of the defendant's confession to the victim. Since the defendant was not under arrest or in custody at the time and no police or other law enforcement personnel were present, his constitutional rights could not have been violated. See *Franklin v. State,* 114 Ga. App. 304 (4) (151 SE2d 191) (1966). In any event, neither the victim nor the defendant indicated there had been any coercion.

4. There was no error in admitting a photograph of a stolen chain saw which had been recovered by police and returned to the victim; nor did the trial court err in charging the jury on the law regarding possession of recently stolen property.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED FEBRUARY 4, 1980 — DECIDED FEBRUARY 20, 1980.

*Archibald A. Farrar, Jr.,* for appellant.
*William M. Campbell, District Attorney, Edgar A. Callaway, Jr., Assistant District Attorney,* for appellee.