## 60037. KENNEDY v. THE STATE.

SMITH, Judge.

Horace Keith Kennedy was convicted of burglary. He appeals the denial of his motion for a new trial and enumerates as error the trial court's charge as to confessions and the allowance into evidence of certain "notes" which he wrote while incarcerated and awaiting trial. We affirm.

1. Appellant gave oral statements to police concerning his involvement in the subject burglary. He contends these statements were merely incriminating and did not amount to confessions. Citing *Norrell v. State,* 116 Ga. App. 479 (2) (157 SE2d 784) (1967), appellant argues it was reversible error for the trial court to charge on the law of confessions.

In his first statement, appellant maintained that he had accompanied his two cohorts in order to show them the premises of Shingler Marine. He stated he did not enter the premises, but waited elsewhere until his cohorts returned with two boat motors which he knew were stolen. Subsequently, appellant made the following statement:

"I was with Andy Benton and Charlie Driggers. They told me before we left that they just wanted me to show them the place. When we got over here after I showed them the place, we had all been drinking and I was pretty well intoxicated and Andy wanted to go ahead and get some boat motors, to steal them. That was not the intentions I had when I come. The intentions that I had was just to show them the place, case it out and come back. As it was, Andy said if I didn't there was going to be some physical harm done to me and I would be left there by myself without a way back to Thomasville after I had ridden over there with them." In his second statement, appellant admitted that he entered the premises and participated in

the theft of the boat motors.

"The true determinant of whether the defendant has made a confession or merely has given a statement 'is whether the statement is offered by the accused as exculpatory or inculpatory.' *Robinson v. State,* 232 Ga. 123, 126 (205 SE2d 210) (1974) . . . 'A statement which includes facts or circumstances which show excuse or justification is not a confession of guilt even if it admits the main fact.' *Robinson v. State,* supra, at p. 126." *Johnson v. State,* 242 Ga. 822 (251 SE2d 563) (1979). "But where there is evidence showing that the defendant admitted the homicide of which he is accused, *and he states in connection therewith no facts or circumstances of excuse or justification, or gives reasons which are insufficient, if true, to furnish any legal excuse or justification,* the admission or statement amounts to a confession of guilt, and authorizes a charge on that subject. [Cits.]" (Emphasis supplied.) *Harris v. State,* 207 Ga. 287, 289 (61 SE2d 135) (1950).

Appellant contends the statements he made to police were mere incriminating admissions because he stated (1) that he was intoxicated during the period in question and (2) that he acted under threat of bodily injury. However, drunkenness alone "is no excuse for committing a crime." *McKenty v. State,* 135 Ga. App. 271, 272 (217 SE2d 388) (1975); Code § 26-704.

Appellant's statement regarding coercion was also inadequate. Appellant did not indicate that he reasonably feared "imminent death or great bodily injury." Code § 26-906; see also *Hill v. State,* 135 Ga. App. 766 (219 SE2d 18) (1975).

Appellant's statement "was a confession because it admitted the main fact [the burglary] . . . without including facts or circumstances showing excuse or justification. The trial court did not err in charging the law of confession." *Johnson v. State,* supra, 822.

2. Appellant also enumerates as error the allowance into evidence of two notes passed between him and one of his cohorts while they were both incarcerated awaiting trial. The notes were identified by the cohort in his testimony for the State. Appellant contends that, to the extent these notes were incriminating, they were improperly admitted because the foundation establishing their voluntariness was not laid. However, the transcript discloses that after the cohort identified these notes as being the ones which had been written by appellant and passed to him in jail, appellant objected to their admission on the ground that the "foundation is only that he recognizes the writing as being [appellant's] . . . It's an insufficient basis . . ."

The rule as to the admissibility of a confession requiring that it be voluntary (Code § 38-411) applies as well to incriminating

statements. *Turner v. State,* 203 Ga. 770 (3) (48 SE2d 522) (1948). Nevertheless, "[o]bjection on the ground of a lack of proper foundation *without stating what the proper foundation should be* has repeatedly been held insufficient and presents nothing for consideration on review. [Cits.]" (Emphasis supplied.) *Dillard v. State,* 128 Ga. App. 747 (197 SE2d 924) (1973). Absent a proper objection and any evidence that the notes were involuntary, their admission into evidence without a preliminary showing of voluntariness was not error. Accord, *Reeves v. State,* 241 Ga. 44 (1) (243 SE2d 24) (1978); *Barrett v. State,* 146 Ga. App. 207 (3) (245 SE2d 890) (1978).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED JUNE 5, 1980 — DECIDED SEPTEMBER 17, 1980 — REHEARING DENIED DECEMBER 10, 1980.

*Rikard L. Bridges,* for appellant.
*Ben L. Bateman, District Attorney,* for appellee.