## 60739. JACKSON v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for aggravated assault and attempt to commit armed robbery. *Held:*

1. The general grounds are enumerated as error. We find the evidence sufficient to authorize a rational jury to find the defendant

guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. In response to a question from the state's attorney asking what else he did to investigate, a police witness responded: ". . . we received another call of a person complaining about someone attempting to burn down their house on Elberton Road. Okay, we checked that out and went and talked to Ms. Ruby Mae Smith, and she advised that a subject by the name of Mitchell Jackson, Jr. (defendant's name) had attempted to —" At this point defense objection stopped the answer. Claiming this testimony placed his character in issue, defendant moved for a mistrial, which was denied. The jury was instructed: "I'm going to just instruct you at this time to disregard the last question and the attempted answer by the witness before you were asked to leave the courtroom. Just disregard that." The denial of the mistrial is claimed as error.

Defendant relies on *Boyd v. State,* 146 Ga. App. 359 (246 SE2d 396) and *Posey v. State,* 152 Ga. App. 216 (262 SE2d 541), where police officers testified clearly placing defendants' characters in issue. This court found that denial of mistrials and instructions to disregard the testimony were insufficient cures because experienced police officers who should know better had deliberately placed defendants' characters in issue.

This case is factually distinguishable. The testimony did not clearly place defendant's character in issue as it was ambiguously incomplete. It did not appear to be a deliberate attempt to bolster a weak case as was intimated in *Boyd* or to mitigate the damage the witness' own testimony had done to the state's case as remarked in *Posey.*

"The curative instruction was, under the circumstances, a more than adequate remedy. [Cit.]" *Hill v. State,* 153 Ga. App. 472, 474 (265 SE2d 827).

"Motions for mistrial are largely in the discretion of the trial judge, especially where the cause of the motion lies in the voluntary remark of a witness not invited by the court or counsel, and, where the jury is properly instructed and the remark is not so flagrantly prejudicial as to violate the fair trial rights of the defendant, the court's discretion will not be overturned. [Cits.]" *Holcomb v. State,* 130 Ga. App. 154, 155 (202 SE2d 529).

Even assuming error, it would have been harmless in view of otherwise ample evidence of guilt. "The state presented ample evidence from which the jury could find the defendant guilty, and for this reason it is 'highly probable that the error did not contribute to the judgment.' . . . [Cits.]" *Martin v. State,* 143 Ga. App. 875, 878 (240 SE2d 231).

The trial court did not err in denying the mistrial.
*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUMITTED OCTOBER 6, 1980 — DECIDED
OCTOBER 24, 1980.

*Theron Finlayson,* for appellant.
*Stephen Pace, Jr., District Attorney,* for appellee.