## 62099. HILL v. THE STATE.

POPE, Judge.
Fred Hill, Jr. was indicted in two counts for violating the Habitual Violator Law (Code Ann. § 68B-308 (c)) and for fleeing or attempting to elude a police officer (Code Ann. § 68A-904). The trial court directed a verdict of acquittal as to the Habitual Violator charge in Count 1. The jury returned a verdict of guilty on Count 2

from which Hill appeals.

1. Hill contends that the trial court erred in denying his motion for mistrial based on the testimony of a police officer. This witness was asked by the state, "Now where were you when you saw the Defendant, Fred Hill, Jr.?" He replied: "I was coming from Campbell going towards Clay Street and as I got to the top of the bridge, the railroad overpass, I saw a . . . Pontiac Grand Prix which looked like the one Fred Hill owns coming up the other side and due to the fact that I knew Mr. Hill from previous arrests —." At this point objection was interposed, the jury removed, and defense counsel moved for a mistrial. The court denied the mistrial but explained to the jury that "a part of the response to the last question was unresponsive to the question as it was put. I ask that you disregard the entire last question and the response and put that out of your minds and I'll let counsel proceed." Under the circumstances here, where the defendant had been charged as a habitual traffic violator, this prompt curative instruction was sufficient. Accord, *Jackson v. State,* 156 Ga. App. 255 (2) (274 SE2d 665) (1980); *Mathis v. State,* 155 Ga. App. 655 (1) (272 SE2d 520) (1980). "The trial court did not abuse its discretion in refusing to grant the motion for mistrial." *Spraggins v. State,* 240 Ga. 759, 762 (243 SE2d 20) (1978); *Hill v. State,* 153 Ga. App. 472 (2) (265 SE2d 827) (1980).

2. Hill's second enumeration of error, that the trial judge erred in failing to give certain requested charges, is also without merit. The first requested charge, on two equal theories compelling acceptance of the one consistent with innocence, is taken from *Patrick v. State,* 75 Ga. App. 687 (2) (44 SE2d 297) (1947) and is "apt where only circumstantial evidence is involved." *Fleming v. State,* 137 Ga. App. 805, 806 (224 SE2d 792) (1976); *Kreager v. State,* 148 Ga. App. 548 (252 SE2d 1) (1978). A review of the transcript discloses that Hill's conviction was not based upon circumstantial evidence and that the charge as a whole covered all elements of the doctrine of reasonable doubt and the burden of proof resting upon the state. Requested charge No. 5, relating to misapprehension of fact, was likewise not adjusted to the evidence. Requests Nos. 6, 7 and 8 as to identification of the defendant were adequately covered by the instructions given. Therefore, "the court's failure to instruct the jury in the language requested, even if such request were perfect, does not constitute reversible error." *Mitchell v. State,* 157 Ga. App. 181, 182 (276 SE2d 864) (1981).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 17, 1981.

*Walter Van Heiningen,* for appellant.
*H. Lamar Cole, District Attorney, Richard Shelton, Assistant District Attorney,* for appellee.