## 63251. BELL v. THE STATE.

POPE, Judge.
Defendant, Steve T. Bell, was indicted and convicted of aggravated assault for the knife stabbing of Geraldine Thomas. The defendant and victim had lived together for two years, but Ms. Thomas had left to return to her parent's home several months before the knife attack. Defendant visited her there every day and on November 14, 1980 he stabbed Ms. Thomas five times with a rusty

knife after she had refused to go to a motel with him.

1. On appeal defendant enumerates as error the trial court's refusal to grant a mistrial on the ground that the defendant's character was impermissibly placed in issue by the testimony of a police officer.

During the state's presentation of evidence the officer was asked if he obtained an arrest warrant for appellant. The officer responded, "Yes, sir. There was a warrant obtained. I, first of all, after being given the name of the individual checked our police records to see if we had an individual with that name previously. We had, and I obtained —" At that point defense counsel moved for a mistrial. The motion was overruled and the court stated to the jury, "Ladies and gentlemen, I will instruct you to disregard the evidence just presented by the statement of the witness that the defendant has in any way been in trouble." Defense counsel properly renewed his motion.

"The statement here . . . falls just short of 'putting the defendant's character in issue." *Ogles v. State,* 238 Ga. 716 (235 SE2d 384) (1977). Further, any injurious effect was averted by the curative instructions given by the court. See *Brown v. State,* 118 Ga. App. 617 (1) (165 SE2d 185) (1968).

2. The defendant next urges that the court erred in denying a motion for mistrial on the ground that a three-page, handwritten note found near defendant when he was arrested was admitted into evidence without holding a Jackson-Denno hearing to determine its voluntariness.

The trial court did not err in refusing to hold a Jackson-Denno hearing to test the voluntariness of the incriminating statements contained in the note. "Since the defendant was not under arrest or in custody at the time and no police or other law enforcement personnel were present, his constitutional rights could not have been violated." *Gaston v. State,* 153 Ga. App. 538, 539 (265 SE2d 866) (1980). Further, there was no indication that defendant had been coerced, persuaded by hope of benefit, or intimidated by fear of injury. See Code Ann. § 38-411. Absent any evidence that the note was involuntary, its admission into evidence without a preliminary showing of voluntariness was not error. *Kennedy v. State,* 156 Ga. App. 792 (2) (275 SE2d 339) (1980).

3. The defendant finally enumerates as error the trial court's charge on criminal intent and the insanity defense. The defendant argues that "nowhere were the concepts of criminal intent, insanity, and 'right from wrong' distinguished and explained to the jury...." A review of the charge indicates that the jury was accurately instructed on these legal principles. Defendant's argument is without merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

Decided June 10, 1982.

William T. Hankins III, for appellant.

Robert E. Wilson, District Attorney, Ann Poe Mitchell, Assistant District Attorney, for appellee.