STATE OF NORTH CAROLINA v. JACKIE WATTS

No. 82SC489

(Filed 21 December 1982)

**Escape § 1— defense of duress—five requirements**
The defense of duress will be available to prisoners who have escaped where defendants meet five requirements including a requirement that the prisoner immediately report to the proper authorities when he obtains a position of safety from the immediate threat. Therefore, where defendant failed to meet the reporting requirement, the trial court properly refused to charge on the defense of duress. G.S. 148-45.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 14 January 1982 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 15 November 1982.

Defendant appeals from the judgment entered on his conviction for felonious escape in violation of G.S. 148-45.

*Attorney General Edmisten, by Special Deputy Attorney General Lester V. Chalmers, Jr., for the State.*

*Bruce H. Jackson, Jr. for defendant-appellant.*

HILL, Judge.

Defendant escaped from the New Hanover county unit of the Department of Correction on 1 November 1981. He was apprehended thirteen days later.

Defendant's evidence tends to show that he was forced to flee the New Hanover prison because of a well-founded fear that he would suffer serious bodily injury and possibly death at the hands of a Department of Correction officer who worked there. Defendant testified he had been assaulted by the officer and received medical treatment for his injuries; that the officer had threatened to kill him; that defendant had reported the problem to the prison superintendent who had advised defendant to "keep it to yourself," and "get out of my office." Evidence offered by other witnesses corroborated defendant's testimony. Defendant said he had planned to turn himself in to the Wilmington Police Department the night he was arrested. The State offered no evidence in rebuttal.

At the pre-charge conference in chambers, defendant's counsel asked the court to charge on the defense of coercion or duress. The court denied the request and charged that the prison guard's conduct was not a defense to the charge of escape. Defendant's attorney excepted to the charge as given and to the court's refusal to charge on the defense of duress.

This is a case of first impression before the courts of North Carolina. The question has been addressed, however, by the United States Supreme Court and several state courts. *See People v. Lovercamp,* 43 Cal. App. 3d 823, 118 Cal. Rep. 110, 69 A.L.R. 3d 668 (1974); *People v. Harmon,* 53 Mich. App. 482, 220

N.W. 2d 212 (1974), *aff'd*, 394 Mich. 625, 232 N.W. 2d 187 (1975); *People v. Unger*, 33 Ill. App. 3d 770, 338 N.E. 2d 442 (1975), *aff'd*, 66 Ill. 2d 333, 362 N.E. 2d 319 (1977); *U.S. v. Bailey*, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed. 2d 575 (1980).

In *Lovercamp, supra,* the defendants had been attacked by other inmates demanding sexual favors. The prison authorities failed to provide defendants with adequate protection, and defendants escaped. Defendants were apprehended, tried and convicted of felonious escape. On appeal, the judgment was reversed and the case remanded for a new trial because defendants had been denied an opportunity to offer evidence of duress. In a well-reasoned opinion, Gardner, P.J., speaking for the California Court of Appeals, said:

> . . . such a prisoner escaping against his will would owe a duty to use reasonable efforts to render himself again to the custody of the law enforcement agency at the first available opportunity. . . .
>
> . . . we hold that the proper rule is that a limited defense of necessity is available if the following conditions exist:
>
> (1) The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future;
>
> (2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory;
>
> (3) There is no time or opportunity to resort to courts;
>
> (4) There is no evidence of force or violence used towards prison personnel or other "innocent" persons in the escape; and
>
> (5) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat.

43 Cal. App. 3d at 831-832, 118 Cal. Rep. at 115, 69 A.L.R. 3d at 676.

We adopt the guidelines set forth by the *Lovercamp* court and hold that the defense of duress will be available where a

defendant meets all five requirements. Defendant herein has not met the fifth requirement. He had been away from the New Hanover prison unit for thirteen days before he was arrested for escape. Defendant contends he was waiting to turn himself in to a specific officer. To limit surrender to a specific person, however, is unreasonable. A delay of thirteen days is unjustifiable under the circumstances of this case.

The trial court properly refused to charge on the defense of duress.

No error.

Judges ARNOLD and JOHNSON concur.