## 74306. ROBINSON v. THE STATE.
### (358 SE2d 318)

McMURRAY, Presiding Judge.

Defendant was convicted of the offense of burglary and the following evidence, construed most favorably to support the verdict, was adduced at his jury trial: On January 7, 1984, at approximately 10:00 in the morning, Officer Linda Boyles and Officer Tim Robinson of the Clayton County Police Department responded to a report of a man walking in the area of West Fayetteville Road and Flat Shoals Road carrying a shotgun. Officer Boyles arrived first "at West Fayetteville and Creel" and observed defendant carrying what appeared to be a shotgun. Defendant was also observed "dragging a pillow case." Officer Boyles asked defendant for the gun and upon inspection, the officer discovered that the weapon was a ".22 pellet gun." Officer Boyles then told defendant why he was stopped and defendant "explained . . . that he had been at a friend's house and he had been staying there and he had gone back over there to get some of his personal belongings and he was walking back home . . ." Officer Boyles then asked defendant if she could look in the pillowcase. Defendant consented and an unveiling revealed gold chains, "a VCR and some camera equipment." As defendant emptied the contents of the pillowcase, Officer Robinson arrived at the scene. After the officers observed the items in the pillowcase, defendant described the location of the house where he obtained the articles. Officer Boyles went to the house while Officer Robinson waited at the scene with defendant. Officer Boyles found no one at the house; however, upon further investigation, she discovered evidence of a forced entry. Officer Boyles communicated this information to Officer Robinson and Officer Robinson transported defendant to the house. Because the officers were unable to locate the owner of the house, defendant was not arrested. However, Officer Boyles informed defendant that she was going to hold the articles that defendant was carrying until his information could be confirmed.

The next day, Officer Boyles contacted the victim and discovered that the house described by defendant was the victim's home.

At trial, the victim testified that she left her home at "about 8:30" during the morning of January 7, 1984, and when she returned, at "[a]bout 12:00," she discovered that her house had been burglar-

ized. The victim further testified that the articles seized by Officer Boyles from defendant were taken from her home and that defendant did not have authority to enter her home and take the items found in the pillowcase.

Defendant's sole defense at trial was mistake in identification by Officer Boyles. Defendant testified that he did not commit the burglary and that he had never been to the victim's house. Upon cross-examination, defendant related his Social Security number. On rebuttal, Officer Boyles testified that on January 7, 1984, while she detained the defendant "on the side of the road" (before going to the victim's house), she obtained personal information from him which included his Social Security number. The Social Security number obtained by Officer Boyles from the man she stopped "on the side of road" on the morning of the burglary matched defendant's Social Security number. From this and other evidence adduced at trial, defendant was found guilty of burglary and now appeals. *Held*:

1. In his first enumeration of error defendant contends the trial court erred in failing to conduct a *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908), hearing because the Social Security number given by defendant to Officer Boyles on the morning of the burglary amounted to a confession.

"The decision in *Jackson v. Denno* deals with the voluntariness of a confession . . ." *Wilburn v. State*, 230 Ga. 675, 679 (2), 680 (198 SE2d 857). "In *Watson v. State*, 227 Ga. 698, 700 (182 SE2d 446) (1971), [the Supreme Court] noted that a requirement for a hearing on the issue of voluntariness applies only if the evidence presents a fair question as to its voluntariness." *Craver v. State*, 246 Ga. 467 (1), 468 (271 SE2d 862). In the case sub judice, no such question was presented.

At the time defendant related his Social Security number to Officer Boyles, defendant was not under arrest, in police custody or suspected of committing a crime. In fact, when Officer Boyles obtained defendant's Social Security number, the officer was not aware that a crime had been committed and there appeared to be little, if any, probable cause indicating that defendant was involved or had been involved in criminal activity. Under these circumstances, it is apparent that defendant's Social Security number was not derived by Officer Boyles as a result of coercive inquiry stemming from a reasonable suspicion or on probable cause that a crime had been committed. See *Alexander v. State*, 166 Ga. App. 233 (2), 234 (303 SE2d 773). On the contrary, the facts in the case sub judice indicate that the information was derived by Officer Boyles as a result of a routine inquiry concerning personal identification during a permissible police-citizen encounter. See *King v. State*, 161 Ga. App. 382 (1) (288 SE2d 644). Consequently, in the case sub judice, since defendant's statement re-

garding his Social Security number was not derived from coercive interrogation which was likely to reveal incriminating information, (see *Loftin v. State*, 180 Ga. App. 613 (5), 617 (349 SE2d 777)), a fair question as to the voluntary nature of this information did not arise which required a hearing in accordance with *Jackson v. Denno*, supra. See *Gaston v. State*, 153 Ga. App. 538, 539 (3) (265 SE2d 866). This enumeration of error is without merit.

2. In his second enumeration of error defendant contends there was not sufficient evidence at trial showing that he was the man stopped by Officer Boyles on January 7, 1984. We do not agree.

Not only did defendant's Social Security number match the Social Security number of the man stopped by Officer Boyles on the morning of the burglary, Officer Boyles identified defendant from recollection. This was sufficient evidence to sustain the jury's conclusion as to the defendant's identification under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED JUNE 3, 1987.

*John C. Campbell*, for appellant.

*Robert E. Keller, District Attorney, Debra Benefield, Albert B. Collier, Assistant District Attorneys*, for appellee.