22813

The STATE, Respondent v. Eric ROBINSON, Appellant.

(363 S. E. (2d) 104)

Supreme Court

*Deputy Chief Attorney Elizabeth C. Fullwood* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Randolph Murdaugh, Jr.,* Hampton, *for respondent.*

Heard Nov. 2, 1987.

Decided Dec. 7, 1987.

GREGORY, Justice:

Appellant was convicted of murder and sentenced to life imprisonment. We affirm.

Appellant was found guilty of murder by accomplice liability. He claims on the basis of his testimony he was entitled to a jury charge that he acted under duress in participating in the murder of Scottie Miles. We disagree.

Appellant acknowledge duress is not a defense to murder at common law but he argues an exception should be made for murder by accomplice liability. We need not consider such an exception here because the facts before us do not support a charge of duress.

To excuse a criminal act, the degree of coercion must be present, imminent, and of such a nature as to induce a well-grounded apprehension of death or serious bodily harm if the act is not done. *See generally* Annot., 40 A.L.R. (2d) 908 (1955); 22 C.J.S. *Criminal Law* § 44

(1961). Coercion is no defense if there is any reasonable way, other than committing the crime, to escape the threat of harm. *Hill v. State*, 135 Ga. App. 766, 219 S. E. (2d) 18 (1975). The fear of injury must be reasonable. *Id.; Jones v. State*, 207 Ga. 379, 62 S. E. (2d) 187 (1950); *in accord State v. Worley*, 265 S. C. 551, 220, S. E. (2d) 242 (1975) (duress as excuse for escape). We find appellant's testimony regarding his alleged coercion does not meet this standard.

Appellant testified that on the night of the murder he was with Henry Mitchell and Wanda Battiste at his home. Mitchell wanted some marijuana. Appellant called an acquaintance, Myron Cleland, whom he knew had some marijuana, to arrange a trade for some cocaine. Cleland said he would come to appellant's home in thirty minutes.

When Cleland arrived, appellant answered the door. To appellant's surprise, Mitchell stepped from behind him and pointed a double-barreled shotgun at Cleland.[1] He demanded Cleland surrender his marijuana. When Cleland did not comply, Mitchell forced him to lie face down on the floor. While Mitchell was searching Cleland for the drugs, the gun fired, shooting Cleland in the head and killing him.

Mitchell went outside to search Cleland's automobile for the marijuana and found Scottie Miles, a passenger, awaiting Cleland. Mitchell brought Miles into the house. When Miles denied knowing anything about marijuana, Mitchell told Wanda Battiste to tie him up and guard him while Mitchell and appellant loaded Cleland's body into the trunk of the automobile. Miles was then brought out to the car and made to lie down across the back seat.

At Mitchell's instruction, appellant helped him push-start the car. He also brought Mitchell a .22 rifle from the house. Mitchell drove away and appellant went back into the house. Mitchell killed Miles by shooting him several times in the head.

In response to questions regarding his cooperation with

---

[1] Contrary to this testimony, appellant gave a statement to police that he too was armed when Cleland arrived. The voluntariness of this statement is not contested.

Mitchell, appellant testified as follows:

Q. Did he [Mitchell] point the gun at you?
A. He had the gun in his hand towards us. He just looked at us for a few seconds.
Q. What were you thinking at that time?
A. I didn't know what to think. I didn't know what he was going to do.
Q. How about Henry? You thought he was going to shoot you?
A. I didn't know.
Q. You think he was going to shoot you? Is that why you did what you did?
A. I didn't know.
Q. What were you scared of?
A. ... [I] was scared he was going to come, if I ran to my mom's house ... I was scared he might would have came over there. I didn't know what he was going to do anyway.

The record is devoid of evidence of coercion to the degree of an imminent threat of death or serious bodily injury. Because there is no evidence to support a charge on duress, we find no error in the trial judge's refusal to give the requested charge.

Accordingly, the judgment of the circuit court is

Affirmed.

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.