23024

The STATE, Respondent v. Paul Jacob HENDERSON, Appellant.

(380 S. E. (2d) 817)

Supreme Court

*Asst. Appellate Defender Joseph L. Savitz, III,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., Norman Mark Rapoport, Columbia, and Sol. William L. Ferguson, York, for respondent.*

Submitted Jan. 18, 1989.

Decided June 5, 1989.

*Per Curiam:*

Appellant was convicted of escape and sentenced to imprisonment for two (2) years, consecutive to any other sentence he was then serving. We affirm.

At trial, appellant claimed his escape was justified and asked the judge to charge the jury on the defense of necessity. Appellant asserted that he had reported the criminal activity of certain employees of the correctional facility, and that he escaped because he feared he would be physically harmed as a result of his report. The trial judge, relying on *State v. Worley*, 265 S. C. 551, 220 S. E. (2d) 242 (1975), denied this request on the ground that the defense of necessity only arises when jailers fail to provided needed medical attention. In our opinion, the trial judge read *Worley* too narrowly.

While *Worley* did address the defense of necessity in the context of the denial of medical attention, the Court stated that in making its decision it found the reasoning in *People v. Lovercamp*, 43 Cal. App. (3d) 823, 118 Cal. Rptr. 110 (1974), "most persuasive." *Lovercamp* involved the escape of a prisoner who was being threatened by assault and the court set out five prerequisites to entitlement to a charge on the defense:

> (1) The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future;
> (2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any relief from such complaints illusory;
> (3) There is no time or opportunity to resort to courts;
> (4) There is no evidence of force or violence used towards prison personnel or other "innocent" persons in the escape; and

(5) The prisoner immediately reports to the proper authorities when he had attained a position of safety from the immediate threat.

In our opinion, this is the appropriate standard to be applied when, as here, a criminal defendant asserts the defense of necessity based on threats.

In this case, appellant presented evidence on the first four (4) requirements. However, he did not turn himself in to the authorities until approximately three (3) months after his escape.

In *Worley*, the court affirmed the trial judge's refusal to charge the defense of necessity because the appellant in that case remained at large for two (2) years following his escape. Appellant's reasons for not immediately reporting to the proper authorities, like those of the appellant in *Worley*, are insufficient to excuse his failure to report to the proper authorities "immediately." *See State v. Watts*, 60 N. C. App. 191, 298 S. E. (2d) 436 (1982) (failure to report to proper authorities for thirteen (13) days after escape not justified because defendant wanted to turn himself in to specific officer).

Therefore, although the trial judge's reason for refusing to charge the jury on the defense of necessity was erroneous, appellant was not entitled to have the jury instructed on the defense and no reversible error was committed.

Affirmed.