### 23365

The STATE, Respondent v. Roger Wayne COLE, Appellant.

(403 S.E. (2d) 117)

Supreme Court

*Asst. Appellate Defenders Robert M. Pachak* and *Daniel T. Stacey, S.C. Office of Appellate Defense,* Columbia, and *Jeff Blume, Horry County Public Defender,* Conway, *for appellant.*

*Atty. Gen. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Sol. James O. Dunn,* Conway, *for respondent.*

Heard Nov. 13, 1990. Decided April 1, 1991.

Rehearing Denied April 30, 1991.

HARWELL, Justice:

Appellant Roger Wayne Cole was convicted of driving under a suspended license, second offense, in violation of S.C. Code Ann. § 56-1-460 (Supp. 1989). The question presented is whether we recognize necessity as a defense to driving under a suspended license.

## I. FACTS

Appellant stipulated that he was driving under a suspended license. However, appellant claims that there were emergency circumstances which justified his driving. Appellant testified that his wife, who was six months pregnant, was having pains in her back and stomach and needed help. Appellant did not have a telephone, so he walked to his only neighbor's house to use theirs, but no one answered the door. Appellant then drove to the nearest telephone, about a mile and a half away, called his mother-in-law, and asked her to take his wife to the hospital. As he was returning to his house, appellant was stopped by the police for a broken tail light and was arrested for driving under a suspended license.

## II. DISCUSSION

Appellant argues that the trial judge erred by refusing to charge the jury on the defense of necessity. This Court has recognized the defense of necessity in the prison escape con-

text. *See State v. Henderson,* 298 S.C. 331, 380 S.E. (2d) 817 (1989); *State v. Worley,* 265 S.C. 551, 220 S.E. (2d) 242 (1975). However, we have never recognized the doctrine of necessity as a defense to driving under a suspended license.

The defense of necessity is closely related to that of duress. In fact, modern courts have tended to blur the distinction between duress and necessity.[1] *See* 1 W. LaFave & A. Scott, *Substantive Criminal Law* § 5.4 (1986). However, common law distinguished between the defenses of duress and necessity:

> Duress was said to excuse criminal conduct where the actor was under an unlawful threat of imminent death or serious bodily injury, which threat caused the actor to engage in conduct violating the literal terms of the criminal law. While the defense of duress covered the situation where the coercion had its source in the actions of other human beings, the defense of necessity, or choice of evils, traditionally covered the situation where physical forces beyond the actor's control rendered illegal conduct the lesser of two evils.

*United States v. Bailey,* 444 U.S. 394, 409-410, 100 S. Ct. 624, 634, 62 L. Ed. (2d) 575, 590 (1980).

The rationale behind the defense of necessity is that a person should not be criminally accountable if he engages in illegal conduct to avoid a greater harm. The defense of necessity is based on public policy and reflects the determination that if the legislature had foreseen the circumstances faced by the defendant, it would have created an exception. We find that public policy mandates that we extend our prior decisions regarding necessity to cases where a defendant is accused of driving under a suspended license.

We hold that in order to prove necessity in this context, a defendant must show that:

(1) there is a present and imminent emergency arising without fault on the part of the actor concerned;
(2) the emergency is of such a nature as to induce a well-grounded apprehension of death or serious bodily harm if the act is not done; and

---

[1] In *Henderson* and *Worley,* we treated duress and necessity as the same defense.

(3) there is no other reasonable alternative, other than committing the crime, to avoid the threat of harm.

*See State v. Robinson,* 294 S.C. 120, 121-122, 363 S.E. (2d) 104, 104 (1987) (duress case discussing circumstances under which criminal act could be excused).

Necessity is an affirmative defense which the defendant must establish by a preponderance of the evidence. *State v. Worley,* 265 S.C. 551, 220 S.E. (2d) 242 (1975). In addition, we find that fairness demands that the defendant be required to provide notice to the prosecution of his intention to rely on the defense of necessity.[2]

Based on the evidence adduced at trial, the trial judge's refusal to charge the jury on the defense of necessity was error. Accordingly, we reverse and remand for a new trial. Since we reverse on the grounds of the necessity defense, we need not address appellant's other contention.

Reversed and remanded.

FINNEY and TOAL, JJ., concur.

GREGORY, C.J., and LITTLEJOHN, Acting Associate Justice, dissenting in separate opinion.

LITTLEJOHN, Acting Associate Justice, dissenting:

I respectfully dissent and would affirm the conviction of the Appellant. While the facts in this case have much appeal, I am of the view that the evil created by the law declared in the majority opinion creates more problems than it solves.

The trial judge ruled correctly. He had no reason at the time to suspect that a completely new doctrine would be adopted as the law of this state.

The majority opinion brings into being the defense sometimes referred to as "competing harms" or "choice of evils." It enables an accused person in the first instance to weigh possible harms to himself or others against the possible harms brought about by violating the law. The majority opinion makes available to the thousands of persons whose licenses

---

[2] The procedure to be followed for providing such notice shall be the same procedure utilized for the defense of alibi and insanity. See Rule 5(e) and (f), SCRCrimP.

are suspended, every year an additional defense creating additional problems for law enforcement people in administering justice. I recognize that some states have brought into being the choice of evils defense by either statutory law or common law. Some recognize the defense in cases of driving under the influence.

There is nothing in the record warranting a conclusion that ". . . if the Legislature had foreseen the circumstances faced by the defense, it would have created an exception." Until and unless the Legislature speaks, I would not extend this newly created doctrine.

I disagree that ". . . public policy mandates that we extend our prior decisions regarding necessity to cases where a defendant is accused of driving under a suspended license."

Among the evils or harms brought about by this new doctrine is the likelihood that one driving under suspension might not be insured, subjecting the traveling public to the possibility of suffering damages for which no compensation is available. Our statutory law forbids the owner of any vehicle from permitting one whose license has been suspended to drive a motor vehicle. Under our law, a suspended driver cannot be a permissive user.

I would affirm.

GREGORY, C.J., concurs.