A91A1182. BROWN v. THE STATE.
(411 SE2d 286)

BIRDSONG, Presiding Judge.

Lauri Jean Brown appeals her conviction for violating OCGA § 40-6-391 (a) (4) by having an alcohol concentration of .12 grams or more within three hours after being in actual physical control of a moving vehicle. The evidence introduced at trial showed that a test of Brown's blood within three hours of her operation of a vehicle showed she had a blood alcohol concentration of .22.

Brown contends that the trial court erred by denying her motion for a new trial based upon insufficiency of the evidence by denying her motion for a mistrial, by denying her motion for a directed verdict, and by refusing to give certain requested charges. *Held*:

1. Brown's allegations concerning the denial of her motion for a new trial and her motion for a directed verdict rely upon a discrepancy between the testimony of the person who drew Brown's blood and the person who tested the blood at the GBI crime lab. The person drawing the blood testified that she drew two vials of blood, properly sealed the vials with paraffin, labeled the vials with Brown's

name, and put a red stopper on one vial and a grey stopper on the other. The witness from the crime lab testified, however, that although the samples were identified by Brown's name, both vials he received had grey stoppers. Other witnesses testified about security of the blood while it was stored, and the witness from the crime lab testified that there was no indication that the seal to the vial was broken: "When I received it, the inside seal, which is the paraffin seal was intact, and also the outside was taped." With this evidence we are satisfied that the State showed to a reasonable certainty that the blood tested at the lab was the same as that drawn from appellant, and that is sufficient. *Cook v. State*, 255 Ga. 565, 568 (340 SE2d 843).

A motion for a directed verdict of acquittal should be granted only when there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Taylor v. State*, 252 Ga. 125 (312 SE2d 311). On appeal a reviewing court can consider all the evidence in the case (*Bethay v. State*, 235 Ga. 371, 375 (219 SE2d 743)), and must view the evidence in the light most favorable to the verdict. *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436). Review of the evidence in this manner reveals ample evidence from which any rational trier of fact could find beyond a reasonable doubt that Brown was guilty of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

"The defendant argues that the evidence was close enough as to [her] innocence that the trial court should have exercised its discretion given to it by OCGA § 5-5-21 and granted [her] a new trial. This, however, must be addressed to the trial judge. The law gives to the trial judge alone the authority to grant a new trial for such a reason. This court has no such power." (Citation and punctuation omitted.) *Dixon v. State*, 192 Ga. App. 845, 846 (386 SE2d 719).

Accordingly, the trial court did not err by denying Brown's motion for a new trial and for a directed verdict.

2. Brown contends also that the trial court erred by denying her motion for a mistrial. It is difficult to determine either from Brown's brief or the trial transcript the precise nature of her complaint, but we are satisfied that the contention is totally without merit. The record shows that Brown's objections were granted and, as requested by Brown, the jury was instructed to disregard an unresponsive comment by a police officer, and Brown's motion for a mistrial on that point was not made until some 20 pages later in the record. Therefore any issue regarding this testimony was waived. Further, there was no error in questioning the officer about Brown's actions at the scene of the accident. *Sapp v. State*, 184 Ga. App. 527, 528 (362 SE2d 406).

3. Brown also asserts the trial court erred by charging that the prosecution was not required to prove its case to a mathematical cer-

tainty. This argument is based upon the portion of most standard charges on reasonable doubt that, "the State is not required to prove the guilt of the accused beyond all doubt or to a mathematical certainty." Brown's argument is that since the State was required to prove that she had a blood alcohol content in excess of .12, the State was required to prove her guilt to a mathematical certainty. This argument is without merit. The charge given by the trial court instructed the jury that the State was required to prove each material allegation of the accusation and every essential element of the crime beyond a reasonable doubt before Brown could be convicted of the charge. We are satisfied that the jury was not misled by the language complained of by Brown.

4. Brown also alleges that the trial court erred by refusing to give her requested charge to the effect that they may consider the credibility or reliability of the evidence regarding the chemical tests of Brown's blood because Brown disputed the validity of the test. Although Brown apparently intended to dispute the validity of the test, she did not call her expert witness and no other evidence challenging the test was introduced. Accordingly, there was no error in refusing this charge since it was not raised by the evidence. *Sun v. Bush*, 179 Ga. App. 80 (6) (345 SE2d 85); *Todd v. State*, 149 Ga. App. 574 (254 SE2d 894).

5. Brown's argument concerning the failure to give a "two-equal" theories charge is also without merit. *Hill v. State*, 159 Ga. App. 589, 590 (284 SE2d 92).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1991 —
RECONSIDERATION DENIED OCTOBER 9, 1991 —

*Billy L. Spruell, Brian M. Dubuc*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Rosanna Musengo, Assistant Solicitor*, for appellee.